1  H. Tim Hoffman (SBN 049141)
   hth@hlsblaw.com
2  Chad A. Saunders (SBN 257810)
   cas@hlsblaw.com
3  Eric Barba (SBN 277932)
   ebc@hlsblaw.com
4  HOFFMAN LIBENSON SAUNDERS & BARBA
   180 Grand Avenue, Suite 1550
5  Oakland, California 94612
   Tel:(510)763-5700
6  Fax:(510)835-1311

7
   Attorneys for Plaintiff
8
                    **UNITED STATES DISTRICT COURT**
9
                    **NORTHERN DISTRICT OF CALIFORNIA**
10

11 TONY BENADO, individually and on          Case No. **C13-2123**
12 behalf of all others similarly situated,
                                              **COLLECTIVE AND CLASS ACTION
13                                            COMPLAINT**
                  Plaintiff,
14                                            [JURY TRIAL DEMANDED]
            vs.
15
   The Nielsen Company (US), LLC, Nielsen
16 Holdings N.V., and Nielsen National
   Research Group, Inc.,
17
18                Defendants.

19                                                        ADR

20

[FILED MAY - 8 2013, RICHARD W. WIEKING, CLERK, U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, OAKLAND — E-filing]

Collective and Class Action Complaint          1

TONY BENADO ("Named Plaintiff" or "Plaintiff") on behalf of himself and all others similarly situated, alleges:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as this case is being brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* Plaintiff has signed a consent to join this lawsuit, filed concurrently with this Court. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

2. Venue is proper in the United States District Court, Northern District of California, pursuant to 28 U.S.C. §1391, because Defendants employ individuals who work in Alameda, Contra Costa, Napa, Sonoma, and San Francisco Counties and because a substantial part of the events giving rise to the claims occurred in this district.

3. Pursuant to Civil L.R. 3-2 (c) and (d), this action is properly assigned to the San Francisco or Oakland Division because a substantial portion of the events giving rise to this dispute occurred in the Counties of Alameda, Contra Costa, Napa, Sonoma, and San Francisco, California.

## PARTIES

### A. Plaintiff

4. Individual and representative Plaintiff TONY BENADO, resides in Alameda County, California. He is employed by Defendants as a Membership Representative based out of Berkeley, California. The Named Plaintiff is currently employed by Defendants and has continuously been so since approximately July 2006.

### B. Defendants

5. Plaintiff is informed and believes, and thereon alleges, that Defendant The Nielsen Company (US), LLC is a Delaware limited liability company doing business in and employing

Collective and Class Action Complaint      2

employees in several states throughout the United States, including California.

6. Plaintiff is informed and believes, and thereon alleges, that Defendant Nielsen National Research Group, Inc. is a California corporation doing business in and employing employees in several offices throughout the United States, including California.

7. Plaintiff is informed and believes, and thereon alleges that Nielsen Holdings N.V. is a Dutch corporation doing business in and employing employees in several offices throughout the United States, including California.

8. Each of the above-named Defendants will be collectively referred to as "Defendants" or "Nielsen."

9. Plaintiff is informed and believes, and thereon alleges, that Defendants The Nielsen Company (US), LLC and Nielsen National Research Group, Inc. are wholly owned subsidiaries or divisions of Nielsen Holdings N.V. doing business in and employing employees in several states throughout the United States, including California, and including at least one employee in Berkeley, California (Alameda County).

**C. Agency**

10. Plaintiff is informed and believes, and thereon alleges, that each of the Defendants herein was at all times relevant to this action the agent, employee, representative partner, and/or joint venture of the remaining Defendants and was acting within the course and scope of that relationship. Plaintiff is further informed and believes, and thereon alleges, that each of the Defendants herein gave consent to, ratified and authorized the acts alleged herein to the remaining Defendants.

## CONDUCT GIVING RISE TO VIOLATIONS OF THE LAW

11. Defendants collectively operate an international media research company.

12. Within the United States, Defendants employ a class of employees titled

Collective and Class Action Complaint    3

"Membership Representatives" whose job function it is to target and solicit households selected by Nielsen to participate in Nielson's data collection process by allowing Nielsen representatives to monitor their television viewing habits through the use of monitoring devices.

13. As part of their duties, Membership Representatives must communicate with and convince households selected by Nielsen to allow a Nielsen representative to come to their home, install a monitoring device on their television, and transmit data directly to Nielsen. When performing these duties, Membership Representatives must conduct prior research on the household, make initial contact prior to visiting the household, be available to answer questions or inquiries from target households, and visit the household in order to make the formal solicitation.

14. Membership Representatives work from their homes and are provided with a company vehicle for use in visiting the selected households.

15. Defendants pay Membership Representatives for most of their daily drive time. However, Defendants maintain a policy that automatically deducts payment of wages for up to the first and last thirty (30) minutes of each Membership Representative's daily drive time, regardless of the work-related activities that the Membership Representative performs prior to, and after, that drive time.

16. Plaintiff is informed and believes, and thereon alleges that, Defendants do not maintain any written policy providing Membership Representatives with an unrestricted meal period of at least thirty (30) minutes for every five hours worked. Plaintiff is further informed and believes, and thereon alleges, that Nielsen does not inform Membership Representatives of their right to take unrestricted meal periods on each work day of at least thirty (30) minutes for every five hours worked, and Nielsen does not provide them with an opportunity to do so.

//

Collective and Class Action Complaint     4

## COLLECTIVE ACTION ALLEGATIONS

17. Plaintiff brings this action on behalf of himself and other employees similarly situated as authorized under FLSA, 29 U.S.C. § 216(b). The employees similarly situated are:

Collective Class: All persons who are or have been employed by Defendants as Membership Representatives, or similarly titled personnel who were performing the same sort of functions as the Named Plaintiff, for Defendants within the United States at any time from within three years prior to the filing of this Complaint to the final disposition of this case.

18. Plaintiff is informed and believes, and thereon alleges, that Defendants suffered and permitted Plaintiff and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

19. Defendants had and have a policy of paying Plaintiff and the Collective Class a wage of one and one-half times their hourly rate of pay for all hours worked over forty in one workweek. Nonetheless, Defendants maintained an additional policy denying Plaintiff and the Collective Class payment for their first and last thirty (30) minutes of daily drive time, effectively, knowingly, and willfully denying Plaintiff and the Collective Class payment for all overtime hours worked.

20. Defendants' unlawful conduct has been widespread, repeated, and consistent.

21. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and the Collective Class performed work that required overtime compensation. Defendants have operated a scheme to deprive these employees of appropriate overtime compensation by failing to properly compensate them for all hours worked.

22. Defendants' conduct, as set forth in this Complaint, was willful and in bath faith, and has caused significant damage to Plaintiff and the Collective Class.

23. Defendants are liable under the FLSA for failing to properly compensate Plaintiff

and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a Court supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

## CLASS ALLEGATIONS

24. Plaintiff brings this action on his own behalf and on behalf of a class of all persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

25. The proposed California class and subclasses consist of:

Proposed California Class: All persons who are or have been employed by Defendants as Membership Representatives, or similarly titled personnel who are or were performing the same sort of functions as the Named Plaintiff, for Defendants within California. Plaintiff's proposed subclasses are:

a) For inaccurate wage statements: All persons who are employed or have been employed by Defendants as Membership Representatives, or similarly titled personnel, who are or were performing the same sort of functions as the Named Plaintiff, in California at any time from within one year prior to the filing of this Complaint until the final judgment, who were not provided with accurate itemized wage statements as required by California law; and

b) For meal breaks not provided: All persons who are employed or have been employed by Defendants as Membership Representatives, or similarly titled personnel, who are or were performing the same sort of job functions as the Named Plaintiff, in California at any time from within four years prior to the filing of this Complaint until the final judgment, who were not provided with duty-free meal periods as required by California law.

Collective and Class Action Complaint    6

26. <u>Numerosity</u>: Plaintiff seeks to represent a class of persons who are so numerous that the joinder of each member of the class is impracticable. Plaintiff is informed and believes, and thereon alleges, that Defendants employ or have employed dozens of Membership Representatives throughout the State of California during the statutory period.

27. <u>Typicality</u>: The Named Plaintiff's claims are typical of the proposed California Class. Plaintiff is informed and believes, and thereon alleges, that he has the same duties and responsibilities as other class members and is subject to Defendants' policy and practice of failing to provide or authorize meal and rest breaks in compliance with California laws, and failing to issue accurate itemized wage statements

28. <u>Superiority</u>: A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits against large corporate defendants.

29. <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of the proposed California Class, and has retained counsel experienced in complex wage and hour class and collective action litigation.

30. <u>Commonality</u>: Common questions of law and fact exist as to all members of the proposed California Class and predominate over any questions solely affecting individual members of the proposed Class, including, but not limited to:

A. Whether Defendants' policies and practices provide and/or permit meal and rest periods for California Class members in compliance with applicable state laws;

B. Whether Defendants failed to keep accurate time records for all hours worked by the Plaintiff and the Proposed Class in violation of FLSA, 29 U.S.C. § 201 *et seq.*, and state wage laws;

Collective and Class Action Complaint    7

C.   Whether Defendants provided accurate itemized wage statements to Plaintiff and the California Class pursuant to state wage laws;

D.   The proper measure of damages sustained by the Proposed Class; and

E.   Whether Defendants' actions were "willful."

31.   Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the proposed California Class predominate over any questions affecting only individual members of the proposed Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Common issues predominate because Defendants' common and uniform policies and practices denied the proposed Class the meal breaks and rest breaks they are entitled to. The primary non-common issue is the amount of specific damages for each particular member of the Class. However, much of the damages can be readily calculated in a formulaic manner using Defendants' records. The damages suffered by the individual proposed Class members are small compared to the expense and burden of individual prosecution of this litigation. Proposed Class members fear workplace retaliation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

32.   Plaintiff intends to send notice to all members of the proposed California Class to the extent required by Rule 23. The names and addresses of the proposed Class Members are available from Defendants.

### FIRST CAUSE OF ACTION:
### FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF THE FAIR LABOR STANDARDS ACT
(29 U.S.C. § 201 *et seq.*)

33.   Plaintiff, on behalf of himself and the collective class, alleges and incorporates by reference the allegations in each of the preceding paragraphs.

34.   Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. §

Collective and Class Action Complaint      8

216(b). Plaintiff's written consent form is being concurrently filed with this Court. Plaintiff anticipates that other individuals will sign consent forms and join as plaintiffs.

35. At all relevant times, each Defendant has been, and continues to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of FLSA, 20 U.S.C. § 203. At all relevant times, Defendants have employed and continue to employ employees, including Plaintiff and the Collective Class.

36. The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per work week.

37. As a result of Defendants' policy of automatically deducting the first and last thirty minutes of drive time compensation for each employee's workday, the Collective Class is entitled to overtime they otherwise would have been paid.

38. Plaintiff and the other Collective Class members worked in excess of forty (40) hours per workweek. Defendants willfully, in bad faith, and in knowing violation of the FLSA failed and refused to pay Plaintiff and the Collective Class members the appropriate overtime compensation for all hours worked in excess of forty (40) per workweek.

39. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiffs and others similarly situated, Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, et seq.

40. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

//

//

Collective and Class Action Complaint         9

## SECOND CAUSE OF ACTION:
## FAILURE TO PROVIDE MEAL PERIODS
### (California Labor Code §§ 226.7 and 512, and IWC Wage Order No. 4)

41. Plaintiff, on behalf of himself and the California Class, alleges and incorporates by reference the allegations in each of the preceding paragraphs.

42. California Labor Code § 512 prohibits an employer from employing an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than thirty (30) minutes, or for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes.

43. Section 11 of Wage Order No. 4 provides (and at all times relevant hereto provided) in relevant part that:

> No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee. An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived. Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time. If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided. In all places of employment where employees are required to eat on the premises, a suitable place for that purpose shall be designated.

44. California Labor Code § 226.7 prohibits any employer from requiring any employee to work during any meal or rest period mandated by an applicable IWC wage order,

and provides that an employer that fails to provide an employee with a required rest break or meal period shall pay that employee one (1) additional hour of pay at the employee's regular rate of compensation for each work day that the employer does not provide a compliant meal or rest period.

45. Plaintiff, on behalf of himself and the putative California Class members, alleges that Defendants did not provide complaint meal periods pursuant to California law by failing to maintain a policy allowing putative class members the opportunity to take meal breaks.

### THIRD CAUSE OF ACTION: FAILURE TO PROVIDE REST PERIODS
**(California Labor Code §§ 226.7 and 512, and IWC Wage Order No. 4)**

46. Plaintiff, on behalf of himself and the California Class, alleges and incorporates by reference the allegations in each of the preceding paragraphs.

47. Section 12 of Wage Order No. 4 provides (and at all times relevant hereto provided) in relevant part that:

> Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages. If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

48. Defendants failed to authorize or permit their Membership Representatives to take rest breaks as required by California law.

49. California Labor Code section 226.7 prohibits any employer from requiring any employee to work during any rest period mandated by an applicable IWC wage order, and provides that an employer that fails to provide an employee with a required rest break or meal
Collective and Class Action Complaint        11

period shall pay that employee one additional hour of pay at the employee's regular rate of compensation for each work day that the employer does not provide a compliant rest period.

50. Therefore, Plaintiff on behalf of himself and the putative California Class members requests compensation for Defendants' failure to authorize or permit rest breaks.

## FOURTH CAUSE OF ACTION:
## INACCURATE ITEMIZED WAGE STATEMENTS
**(California Labor Code §§ 226 and 1174, and IWC Wage Order No. 4)**

51. Plaintiff, on behalf of himself and the California Class, alleges and incorporates by reference the allegations in each of the preceding paragraphs.

52. Section 226(a) of the California Labor Code requires Defendants to itemize in wage statements all gross wages earned, deductions from payment of wages, and to accurately report total hours worked by Plaintiff and the California Class members. Plaintiff is informed and believes, and thereon alleges, that Defendants knowingly and intentionally failed to comply with Labor Code section 226(a) on each and every wage statement that should have been provided to Plaintiff and California Class members.

53. Section 1174 of the California Labor Code requires Defendants to maintain and preserve, in a centralized location, among other items, records showing the names and addresses of all employees, payroll records showing the hours worked daily by, and the wages paid to, their employees. Plaintiff is informed and believes, and thereon alleges, that Defendants knowingly and intentionally failed to comply with Labor Code section 1174. Defendants' failure to comply with Labor Code section 1174 is unlawful pursuant to Labor Code section 1175.

54. Section 7 of the IWC Wage Orders requires Defendants to maintain time records showing, among other things, when the employee begins and ends each work period, meal periods, split shift intervals, and total daily hours worked in itemized wage statements, and accurately report total hours worked by Plaintiff and the California Class members. Plaintiff is

informed and believes, and thereon alleges, that Defendants knowingly and intentionally failed to comply with these Wage Orders.

55. Therefore, Plaintiff on behalf of himself and the putative California Class members requests relief as described herein and below.

### FIFTH CAUSE OF ACTION: VIOLATION OF UNFAIR COMPETITION LAW
(Business and Professions Code § 17200, et seq.)

56. Plaintiff, on behalf of himself and the California Class, alleges and incorporates by reference the allegations in each of the preceding paragraphs.

57. Section 17200 of the California Business and Professions Code - California's Unfair Competition Law - prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair business acts or practices. The foregoing conduct by Defendants, as alleged, constitutes unlawful business actions and practices in violation of Section 17200, et seq.

58. Pursuant to Business and Professions Code § 17200, et seq., Plaintiff and the California Class members are entitled to: (1) restitution of the overtime earnings and other unpaid wages and premiums alleged herein that Defendants have improperly withheld and retained during a period that commences four years prior to the filing of this action; (2) a permanent injunction requiring Defendants to pay overtime and meal/rest premiums to all workers as defined herein, in California; (3) an award of attorneys' fees pursuant to Code of Civil Procedure section 1021.5, and other applicable law; and (4) costs.

59. WHEREFORE, Plaintiffs and the Class Members they seek to represent request relief as described herein and below.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. That the Court determine that this action may be maintained as a collective and class action;

Collective and Class Action Complaint  13

2. That Plaintiff be appointed the representative of each proposed Class, as appropriate;

3. That the attorneys of record for Plaintiff whose name appears on this Complaint be appointed class counsel;

4. For compensatory damages in an amount according to proof with interest thereon;

5. For economic and/or special damages in an amount according to proof with interest thereon;

6. That Defendants be found to have engaged in unfair competition in violation of section 17200, et seq. of the California Business and Professions Code;

7. That Defendants be ordered and enjoined to make restitution to each Class due to its unfair competition, pursuant to California Business and Professions Code §§ 17203 and 17204;

8. That Defendants be enjoined from continuing the unlawful course of conduct alleged herein;

9. For actual damages or penalties pursuant to Labor Code § 226;

10. For compensation pursuant to Labor Code § 226.7;

11. For attorneys' fees, interest, and costs of suit under, inter alia, Labor Code §1194, California Code of Civil Procedure §1021.5, and the FLSA;

12. For all penalties authorized by law;

13. For all unpaid overtime wages, penalties associated with record-keeping violations, and liquidated damages pursuant to the FLSA, 29 U.S.C. §201, *et seq.*; and

14. For such other and further relief as the Court deems just and proper.

DATED: May 8, 2013          HOFFMAN LIBENSON SAUNDERS & BARBA

By: _____
H. Tim Hoffman
Attorneys for Plaintiff

Collective and Class Action Complaint          14

## JURY DEMAND

On behalf of himself and all of the putative class and collective action members as defined herein, Plaintiff hereby demands a trial by jury.

DATED: May 8, 2013

HOFFMAN LIBENSON SAUNDERS & BARBA

By: _____
H. Tim Hoffman
Attorneys for Plaintiff

Collective and Class Action Complaint           15