H. TIM HOFFMAN (STATE BAR NO. 49141)
CHAD A. SAUNDERS (STATE BAR NO. 257810)
ERIC BARBA (STATE BAR NO. 277932)
HOFFMAN LIBENSON SAUNDERS & BARBA
300 Lakeside Drive, Suite 1000
Oakland, California 94612
Telephone:     510-763-5700
Facsimile:     510-835-1417

Attorneys for Plaintiff
Tony Benado

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| TONY BENADO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>The Nielsen Company (US), LLC, Nielsen Holdings N.V., and Nielsen National Research Group, Inc.,<br><br>Defendants. | Case No. C13-2123 JCS<br><br>**PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date: May 23, 2014<br>Time: 9:30 a.m.<br>Judge: Hon. Joseph C. Spero<br>Ctrm: G – 15th Floor |

1

## TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION...................................................................... 1

I. INTRODUCTION.............................................................................................. 2

II. STATEMENT OF FACTS................................................................................. 4

III. PROCEDURAL BACKGROUND..................................................................... 5

IV. SUMMARY OF THE CLAIMS AT ISSUE....................................................... 6

V. THE PROPOSED SETTLEMENT AND ITS TERMS........................................ 7

    A. The California Class...................................................................................... 7

    B. The Nationwide Class.................................................................................... 8

    C. Attorneys' Fees and Costs, Class Representative Service Payment, PAGA
    Payment, and Claims Administration Costs...................................................... 9

VI. THE COURT SHOULD PRELIMINARILY APPROVE THE SETTLEMENT.................... 9

    A. Class Action Settlements are Subject to Court Review and Approval Under the
    Federal Rules of Civil Procedure.................................................................... 10

    B. The Settlement Is Fair, Adequate and Reasonable.......................................... 13

    C. Plaintiff Contends that the Settlement Satisfies the Requirements of
    Federal Rule of Civil Procedure 23................................................................ 13

        1. Plaintiff satisfies the commonality requirement................................. 14

        2. Plaintiff's claims are typical of those of the putative settlement
        class members.................................................................................. 15

        3. Plaintiff fairly and adequately represents the settlement class.......... 15

VI. CONCLUSION............................................................................................... 16

# **TABLE OF AUTHORITIES**

<u>**Cases**</u>                                                                                           **Page(s)**

<u>Federal</u>

*Amchem Prods., Inc. v. Windsor*
     521 U.S. 591 (1997)........................................................................... 13, 14, 15

*California Rural Legal Assistance v. Legal Services Corp.*
     917 F.2d 1171 (9th Cir. 1990)........................................................................... 15

*Churchill Village, L.L.C. v. General Electric*
     361 F.3d 566 (9th Cir. 2004)........................................................................... 12

*Franklin v. Kaypro Corp.*
     884 F.2d 1222 (9th Cir. 1989)........................................................................... 10

*Hanlon v. Chrysler Corp.*
     150 F.3d 1011 (9th Cir. 1998)........................................................... 10, 11, 13

*In re Beef Industry Antitrust Litig.*
     607 F. 2d 167 (5th Cir. 1979)........................................................................... 13

*In re Bluetooth Headset Prods. Liab. Litig.*
     654 F.3d 935 (9th Cir.2011)........................................................................... 10

*In re Mego Fin. Corp. Sec. Litig.*
     213 F.3d 454 (9th Cir.2000)........................................................................... 11

*In re Tableware Antitrust Litig.*
     484 F. Supp. 2d 1078 (N.D. Cal. 2007)........................................................... 2, 11

*In re Vitamins Antitrust Litig.*
     2001 WL 1772352 (D.D.C., Nov. 30, 2001)........................................................... 3

*Jamison v. Butcher & Sherrerd*
     68 F.R.D. 479 (E.D. Pa. 1975)........................................................................... 13

*Lerwill v. Inflight Motion Pictures, Inc.*
     582 F.2d 507 (9th Cir. 1978)........................................................................... 15

*Mendoza v. Tucson Sch. Dist. No. 1*
     623 F.2d 1338 (9th Cir. 1980)........................................................................... 12

*Mullane v. Cent. Hanover Bank & Trust Co.*
   339 U.S. 306 (1950)........................................................................................ 12

*Officers for Justice v. Civil Service Com'n of City and County of San Francisco*
   688 F.2d 615 (9th Cir. 1982)........................................................................ 3, 13

*Staton v. Boeing Co.*
   327 F.3d 938 (9th Cir. 2003)........................................................................... 13

*Sullivan v. Chase Inv. Serv. of Boston*
   79 F.R.D. 246 (N.D. Cal. 1978)....................................................................... 15

*Torrisi v. Tucson Elec. Power Co.*
   8 F.3d 1370 (9th Cir. 1993)............................................................................. 11

*Van Bronkhorst v. Safeco Corp.*
   529 F.2d 943 (9th Cir. 1976)........................................................................... 10

*Vasquez v. Coast Valley Roofing, Inc.*
   266 F.R.D. 482 (E.D. Cal. 2010)....................................................................... 3

*Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*
   396 F.3d 96 (2nd Cir. 2005)............................................................................. 3

*Wright v. Linkus Enterprises, Inc.*
   259 F.R.D. 468 (E.D. Cal. 2009)..................................................................... 12

<u>State</u>

*Brinker Restaurant Corp. v. Superior Court*
   53 Cal. 4th 1004 (2013) ................................................................................... 6

*Prince v. CLS Transportation*
   118 Cal. App. 4th 1320 (2004).......................................................................... 15

<u>**Statutes**</u>

29 U.S.C. § 201 et seq....................................................................................... 5, 6

Cal. Lab. Code
   § 226............................................................................................................ 5, 7
   § 226.7............................................................................................................. 5
   § 512............................................................................................................ 5, 7
   §1147............................................................................................................... 5
   § 2698 et seq................................................................................................. 5, 7

Cal. Bus. & Prof. Code § 17200 et seq............................................................. 5, 7

**Rules and Regulations**

<u>Federal</u>

F. R. Civ. P. 23.................................................................................................................*passim*

<u>State</u>

8 Cal. Code Regs. § 11040.................................................................................................... 5

**Secondary Sources**

*Manual for Complex Litigation*, Fourth (2007)......................................................... 2, 10

Schwarzer, Tashima & Wagstaffe, *Cal. Prac. Guide: Fed. Civ. Pro. Before Trial*
     (The Rutter Group 2006).................................................................................... 10, 15

**NOTICE OF MOTION AND MOTION**

TO THE COURT AND ALL INTERESTED PARTIES:

PLEASE TAKE NOTICE THAT a hearing will be held on Plaintiff Tony Benado's ("Plaintiff") motion for an order granting preliminary approval of a proposed class action settlement. The hearing will be held on May 23, 2014 at 9:30 a.m., or as soon thereafter as counsel may be heard, in the courtroom of The Honorable Joseph C. Spero, United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, Courtroom G – 15th Floor, San Francisco, CA 94102. At the hearing, the Plaintiff will request that the Court (1) preliminarily approve the Settlement Agreement; (2) conditionally certify, for settlement purposes only, the class and collective actions described herein; (3) authorize notice to the Settlement Classes; (4) appoint Rust Consulting, Inc. as the settlement administrator, (5) appoint Hoffman Libenson Saunders & Barba as Settlement Class Counsel and Plaintiff as Settlement Class Representative; and (6) schedule a final approval hearing date.

The Motion is based upon Plaintiff's Motion for Preliminary Approval of Class Action Settlement and the Memorandum of Points and Authorities in Support Thereof, the Settlement Agreement, the Declaration of H. Tim Hoffman in support of the motion, all exhibits and attachments submitted in support of the Motion, any oral argument of counsel, the complete files and records in this matter, and such additional matters as the Court may consider.

Respectfully submitted,

Dated: April 17, 2014  HOFFMAN LIBENSON SAUNDERS & BARBA

/s/ Eric Barba

Attorneys for Plaintiffs

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff Tony Benado ("Plaintiff") seeks preliminary approval of a wage and hour class action settlement (the "Settlement") with a maximum value of $1,200,000 on behalf of current and former employees holding the job title of Membership Representative, or similarly described position, employed by Defendants The Nielsen Company (US), LLC, Nielsen Holdings N.V., and Nielsen National Research Group, Inc. ("Defendants"). The Settlement resolves claims against Defendants for their alleged violations of the Fair Labor Standards Act ("FLSA"), California Labor Code, and the California Business and Professions Code.

The settlement resolves claims for two classes of Membership Representatives, a "California Class" and a "Nationwide Class". The California Class includes "all current or former employees of Defendant who held a position that includes the words 'Membership Representative' in California during the California Class Period." Stipulation of Settlement and Release ("Stipulation of Settlement"), Exhibit 1 § A.2. The Nationwide Class includes "all current or former employees of Defendant who held a position that includes the words 'Membership Representative' in the United States (except California) during the Nationwide Class Period." *Id.* at § A.25.

Because the eventual fairness hearing will provide the Court another opportunity to review the Settlement with the benefit of class member input, settled law and practice under Federal Rule of Civil Procedure 23 provides that if the proposed settlement is "within the range of possible approval," the Court should grant preliminary approval and authorize the parties to give notice of the proposed settlement to class members. *In re Tableware Antitrust Litig.,* 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007); *see also Manual for Complex Litigation,* Fourth § 21.632 (2007). Further, "settlement following sufficient discovery and genuine arms-length negotiation is

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVALOF CLASS ACTION SETTLEMENT
C13-2123 JCS

presumed fair." *Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 489 (E.D. Cal. 2010); *see also Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 116 (2nd Cir. 2005); *In re Vitamins Antitrust Litigation*, 2001 WL 1772352, *2 (D.D.C., Nov. 30, 2001).

Plaintiff will meet the standard for preliminary approval of the proposed class action settlement. The terms of the proposed settlement are set forth in considerable detail in the Stipulation of Settlement filed here as Exhibit 1 and summarized in Section V, *infra*. The Settlement is the result of good-faith, arm's-length negotiations between Plaintiff and Defendants through their respective attorneys, aided by respected mediator Mark Rudy, Esq.

Plaintiff's likelihood of obtaining more than the settlement amount, should he to go to trial, is far from certain. The proposed Settlement is an exceptional result given litigation's inherent risks. The settlement is fair to the classes as it provides compensation for overtime hours, meal and rest break claims, and penalties using advantageous assumptions under federal and state laws. As such, the Settlement meets the Ninth Circuit's standards for approval, articulated in *Officers for Justice v. Civil Service Com'n of City and County of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982) (stating that "the universally applied standard is whether the settlement is fundamentally fair, adequate and reasonable" and providing a non-exhaustive list of relevant factors). Furthermore, even if Plaintiff obtained a favorable judgment in this Court, that judgment could be delayed for years on appeal and could be reversed. Thus, there is a risk that the settlement classes might not receive anything if this lawsuit proceeds to trial.

In light of these risks, as well as the expenses associated with continued litigation, Plaintiff's counsel believes that the Settlement is fair and appropriate under the circumstances, is in the best interests of the settlement classes, and will result in significant financial benefit to participating class members.

Accordingly, Plaintiff respectfully requests that the Court: (1) preliminarily approve the Settlement Agreement; (2) conditionally certify, for settlement purposes only, the class and collective actions described herein; (3) authorize notice to the Settlement Classes; (4) appoint Rust Consulting, Inc. as the settlement administrator, (5) appoint Hoffman Libenson Saunders & Barba as Settlement Class Counsel and Plaintiff as Settlement Class Representative; and (6) schedule a final approval hearing date.

## II.   STATEMENT OF FACTS

Plaintiff was formerly employed by Defendants as a Membership Representative and Membership Representative Trainer. Defendants operate a media research company that employs Membership Representatives to solicit households to participate in Defendants' data collection process. Membership Representatives primarily work out of their homes and spend a significant portion of their work time driving to targeted households. Plaintiff alleges that on a typical day, Membership Representatives begin their days by checking email and completing administrative tasks at home prior to making their first household visit. Membership Representatives cover large geographic areas and sometimes have to drive to locations more than 100 miles from their homes. After completing their work in the field for the day, Plaintiff alleges that Membership Representatives return home to complete administrative tasks. Membership Representatives are expected to maintain detailed records of their hours worked, which they submit electronically to Defendants. Plaintiff alleges that though Defendants require Membership Representatives to keep detailed records of their work time, they do not require Membership Representatives employed in California to record if and when they take meal and rest periods.

Plaintiff alleges that Defendants have a uniform policy automatically deducting up to thirty (30) minutes from the first, and thirty (30) minutes from the last, daily drives of each full-time Membership Representative. All other drive time is compensable time. Plaintiff alleges that

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVALOF CLASS ACTION SETTLEMENT
C13-2123 JCS

Membership Representatives were not compensated for up to one hour of drive time each day as a result of Defendants' drive time policy. Full-time Membership Representatives typically work eight compensable hours per day for a total of forty (40) compensable hours per week.

**III.    PROCEDURAL BACKGROUND**

On May 8, 2013, Plaintiff filed a complaint against Defendants on behalf of himself and a putative class of individuals employed by Defendants as Membership Representatives. Plaintiff alleges that Defendants (1) failed to pay overtime as required under the FLSA, 29 U.S.C. § 201 et seq., (2) failed to provide meal periods, Cal. Lab. Code §§ 226.7, 512, (3) failed to provide rest periods, *Id.*, 8 Cal. Code Regs. § 11040, (4) provided inaccurate itemized wage statements, Cal. Lab. Code §§ 226, 1147, 8 Cal. Code Regs. § 11040, and (5) violated California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq. Plaintiff's First Amended Collective and Class Action Complaint [Dkt. 22-1], deemed filed by the Court on January 14, 2014, added a cause of action to enforce California's Private Attorneys General Act ("PAGA"), Cal. Lab. Code § 2698 et seq.

After exchanging pleadings, the parties engaged in informal discovery, which included the exchange of Defendants' wage and hour policies and other applicable policies, Plaintiff's personnel records, and extensive compensation and personnel data related to the settlement classes. In addition, Plaintiff's counsel conducted a thorough investigation of the facts in this case by analyzing payroll and employment data and interviewing the Plaintiff and several putative class members. The parties, through their respective counsel, discussed the merits of the parties' claims, defenses and other issues relevant to evaluating this matter and decided to participate in private mediation.

On November 18, 2013, the parties participated in private mediation with Mark Rudy, Esq. Mr. Rudy is a highly respected mediator in the field of wage and hour class and collective

actions. Following a detailed discussion of the merits and defenses in this case, the parties

reached an agreement concerning the terms of a settlement and executed a Memorandum of

Understanding that led to the Stipulation of Settlement. Exh. 1. These negotiations were

adversarial, non-collusive, and at arm's length. Declaration of H. Tim Hoffman In Support of

Plaintiff's Motion for Preliminary Approval of Class Action Settlement ("Hoffman Decl."), at ¶¶

10-11.

## IV.  SUMMARY OF THE CLAIMS AT ISSUE

The parties have divergent views regarding Plaintiff's claims. Plaintiff alleged that he and

the settlement classes did not receive compensation for all hours worked. Plaintiff further alleged

that Defendants failed to provide meal and rest periods, or compensation in lieu thereof, to

California Class members.

Federal law requires employers to compensate employees at a premium rate for all hours

worked over forty (40) in one week, unless the employee is properly "exempt" from receiving

overtime compensation. *See* 29 U.S.C. § 207. Plaintiff alleged that Defendants' nationwide

policy, which automatically deducted up to thirty (30) minutes from the first, and thirty (30)

minutes from the last, daily drives of each full-time Membership Representative, unlawfully

deprived Membership Representatives of overtime compensation.

California law requires employers to provide non-exempt employees with an

uninterrupted thirty minute meal period for ever five hours worked. Cal. Lab. Code § 512. Non-

exempt California employees are also entitled to "10 minutes rest for shifts from three and one-

half to six hours in length, 20 minutes for shifts of more than six hours up to 10 hours, 30 minutes

for shifts of more than 10 hours up to 14 hours, and so on." *Brinker Restaurant Corp. v. Superior

Court*, 53 Cal. 4th 1004, 1029 (2013). Plaintiff alleged that Defendants did not provide California

Membership Representatives with these mandated meal and rest periods. Ancillary to these

claims was Plaintiff's allegation that Defendants did not provide California Membership

Representatives with accurate, itemized wage statements. Cal. Lab. Code §226(a). Finally,

Plaintiff alleged that Defendants' violations of the California Labor Code constituted unlawful

unfair business practices and sought penalties under PAGA. *See* Cal. Bus. & Prof. Code §17200

et seq., Cal. Lab. Code § 2698 et seq.

Defendants deny any liability arising from the claims alleged in the complaint, and argue

that this action is inappropriate for class treatment. Defendants deny that they failed to pay

overtime wages to Plaintiff and the Nationwide Class Members. Defendants argue that they

provided Plaintiff and California Class Members with meal and rest periods as required by

California law, and deny that they provided inaccurate, itemized wage statements. Defendants

further deny they owe any damages, liquidated damages, penalties, interest or costs to the class.

**V.      THE PROPOSED SETTLEMENT AND ITS TERMS**

The proposed settlement provides a maximum settlement amount of $1.2 million dollars

($1,200,000). One-third of the maximum settlement amount will be allocated to the California

Class and the remaining two-thirds will be allocated to the Nationwide Class. Attorneys' fees and

costs, the Class Representative's service payment, PAGA payment, and settlement administration

costs will be deducted from each settlement class' allocation on a pro-rata basis – with one-third

of these costs taken from the California Class allocation and two-thirds of these costs taken from

the Nationwide Class allocation. Below is a summary of the components of the settlement.

A.      The California Class.

One third of the maximum settlement amount, which is $400,000, will be allocated to the

California Class ("California Settlement Allocation"). Stipulation of Settlement, Exh.1 §A.7. A

one-third, pro rata share of the attorneys' fees and costs, Class Representative service payment,

PAGA payment, and class administration costs will be deducted from this amount leaving a net

settlement amount of roughly $287,800 for the California class. Each California Class member will be entitled their California Percentage Share of the California Settlement Allocation, which is calculated by dividing each California Class member's individual work weeks in the class period by the total number of California work weeks in the class period. *Id.*, at §C.51(b).

To receive their share of the California settlement, class members will have to file a claim utilizing the California Claim Form. Exh. 1, Exhibt 1 (California Claim Form). Despite the claims made nature of the settlement, Defendants guarantee to distribute a minimum of 70% of the California Class' net settlement amount. If the total of the settlement payments to the California Class is in an amount less than 70% of the allocated net settlement amount to the California Class, the remaining portion up to 70% of the California Class' net settlement amount will be proportionately divided among and added to the settlement payments to the California Class Members who have timely filed a valid California Claim Form. Exh. 1 § C.51(c).

**B.    The Nationwide Class.**

Two thirds of the maximum settlement amount, equaling $800,000, will be allocated to the Nationwide Class. Nationwide Class members will be eligible to recover a portion of the nationwide settlement. A two-thirds, pro rata share of the attorneys' fees and costs, Class Representative enhancement award, PAGA payment, and class administration costs will be deducted from this amount leaving a net settlement amount of roughly $572,200 for the Nationwide Class. Each Nationwide Class member will be entitled their Nationwide Percentage Share of the Nationwide settlement allocation, which is calculated by dividing each Nationwide Class Member's individual work weeks in the class period by the total number of Nationwide work weeks in the class period. *Id.*

To recover their Individual Settlement Amount, Nationwide Class Members will need to submit a valid and timely Nationwide Opt In and Claim Form. Exh.1, Exhibit 2. Any unclaimed

portion of the Nationwide Class's net settlement proceeds will be retained by the Defendant. Exh.1 §C.51(d).

> C.      Attorneys' Fees and Costs, Class Representative Service Payment, PAGA Payment, and Claims Administration Costs.

Prior to distribution to the class members, several costs will be subtracted from the maximum settlement amount. These amounts are as follows:

1. Plaintiff will petition the Court to grant Class Counsel a fee award of 25% of the Maximum Settlement Amount, which equals $300,000, and a reimbursement of litigation expenses, not to exceed $10,000. *Id.* at § A.17. Defendants agree not to oppose Plaintiff's motion for attorneys' fees and costs. *Id.* at § C.51(f).

2. Plaintiff's counsel will ask the Court to grant Plaintiff a Service Payment of $5,000.00 in recognition of the risks and responsibilities he undertook as the Class Representative. *Id.* at § C.51(e).

3. Defendant agrees to make a $5,000.00 payment from the maximum settlement amount to the California Labor and Workforce Development Agency to pay all applicable penalties under PAGA. *Id.* at §§ A.35, C.51.

4. The parties agree to pay Administration Costs, not to exceed $20,000.00, to Rust Consulting, Inc. *Id.* at § A.1. This amount shall be deducted from the maximum settlement amount. *Id.* at § C.51.

## VI.   THE COURT SHOULD PRELIMINARILY APPROVE THE SETTLEMENT

Plaintiff submits that it is appropriate for the Court to certify the proposed Settlement Class for purposes of giving effect to and implementing the Settlement Agreement. Moreover, the settlement is fair, adequate and reasonable, justifying this Court's preliminary approval of it.

//

A.   Class Action Settlements are Subject to Court Review and Approval Under the Federal Rules of Civil Procedure.

In general, federal law strongly favors and encourages settlements in the context of class actions. *Franklin v. Kaypro Corp.*, 884 F.2d 1222, 1229 (9th Cir. 1989) ("[I]t hardly seems necessary to point out there is an overriding public interest in settling and quieting litigation. This is particularly true in class action suits.") (quoting *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976)).

This case was settled prior to Plaintiff's motion for conditional certification of the Nationwide Class and class certification for the California Class. However, this fact does not detract from this Court's approval of the settlement. The parties may settle a class action before certification and stipulate that a defined class be conditionally certified for settlement purposes. *See* Schwarzer, Tashima & Wagstaffe, *Cal. Prac. Guide: Fed. Civ. Pro. Before Trial* (The Rutter Group 2006), at p. 10-116, §10:787. However, in examining a pre-certification settlement agreement, such as this one, a district court "must be particularly vigilant not only for explicit collusion, but also for more subtle signs that class counsel have allowed pursuit of their own self-interests and that of certain class members to infect the negotiations." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir.2011). "It is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998) (citation omitted). A court may not "delete, modify or substitute certain provisions" of the settlement; rather "[t]he settlement must stand or fall in its entirety." *Id.* Plaintiff submits that this settlement meets the criteria necessary for preliminary approval.

Rule 23(e) of the Federal Rules of Civil Procedure requires court approval for any settlement of a class action. As explained in the *Manual for Complex Litigation*, Fourth (2007), court approval of a class action settlement is a two-step process:

First, counsel submit the proposed terms of settlement and the judge makes a preliminary fairness evaluation. ...The judge should make a preliminary determination that the proposed class satisfies the criteria set out in [F.R.C.P.] Rule 23(a) and at least one of the subsections of [F.R.C.P.] Rule 23(b). ... The judge must make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms and must direct the preparation of notice of the certification, proposed settlement, and date of the final fairness hearing.

*Id.*, § 21.632; *cf. Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1377 (9th Cir. 1993) (noting and implicitly approving the district court's use of a preliminary approval process). Preliminary approval should be granted if the proposed settlement falls within the range of possible final approval. *In re Tableware Antitrust Litig., supra*, 484 F. Supp. 2d at 1079.

Here, all of the pertinent factors weigh heavily in favor of granting preliminary approval and authorizing distribution of the Class Notice. First and foremost, the proposed settlement was the product of arm's-length, non-collusive negotiations and mediation with a highly experienced class action mediator. Hoffman Decl. at ¶¶ 10-11. Plaintiff and the putative class members are, and have been, represented by experienced counsel. *Id.* at ¶¶ 2-7.

With respect to the Class Representative's service payment of $5,000, this award is within the range of such awards commonly provided in litigation of this nature. In light of the modest nature of this award compared to the overall amount of the settlement, there is nothing to suggest that the Class Representative's enhancement award is improper or undermines the apparent fairness of the settlement. *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 456-457, 463 (9th Cir.2000) [approving, without discussion, incentive awards of $5,000 each to two class representatives].

As to settlement amount, the parties did not collude to reach a settlement that is unfair to the putative class members, but instead negotiated at arms' length and with the assistance of a neutral third party. Defendants have agreed not to oppose any requests for attorneys' fees up to 25 percent of the Maximum Settlement Amount, the Ninth Circuit's stated benchmark amount.

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVALOF CLASS ACTION SETTLEMENT
C13-2123 JCS

*Hanlon, supra*, 150 F.3d at 1029. The parties' agreements relating to attorneys' fees and the class

representative's enhancement awards, as well as all other aspects of the settlement agreement,

have been fully disclosed to the Court in the copy of the complete Settlement Agreement and its

attachments filed with this motion. The parties have no other undisclosed agreements concerning

the conditions of this settlement. Hoffman Decl. at ¶ 10.

The proposed Class Notice and form of distribution are more than adequate. Rule 23

requires that the absent class members receive the "best notice practicable under the

circumstances." Fed. R. Civ. P. 23(c)(2)(B). The method and content of the class notice should be

designed to fairly apprise class members of the terms of the proposed settlement "in sufficient

detail to alert those with adverse viewpoints to investigate and to come forward and be heard."

*Churchill Village, L.L.C. v. General Electric*, 361 F.3d 566, 575 (9th Cir. 2004) (citing *Mendoza*

*v. Tucson Sch. Dist. No. 1*, 623 F.2d 1338, 1352 (9th Cir. 1980)). Accordingly, federal courts

have held that "[n]otice by mail is sufficient to provide due process to known affected parties, so

long as the notice is 'reasonably calculated ... to apprise interested parties of the pendency of the

action and afford them an opportunity to present their objections.'" *Wright v. Linkus Enterprises,*

*Inc.*, 259 F.R.D. 468, 475 (E.D. Cal. 2009) (citing *Mullane v. Cent. Hanover Bank & Trust Co.*,

339 U.S. 306, 314, 318 (1950)).

Here, the proposed Notice Packet will be sent via first-class mail to the last known address

of each class member and, prior to mailing the Class Notices, the Claims Administrator will

consult the United States Postal Service's National Change of Address Database to review the

accuracy of and, if possible, update a class member's mailing address. Exh. 1, § G.58. The Notice

Packet will provide the details of the case and the proposed settlement, an estimate of the Class

Member's likely recovery, and the appropriate claim form, depending on the individual's

membership in the Nationwide or California Class. *Id.* at §§ A.33-34. The Notice Packet will also

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVALOF CLASS ACTION SETTLEMENT
C13-2123 JCS

provide class members with information from which they can each make an informed decision about whether to opt out, object, or take no further action. Additionally, all settlement documents will be available for review and download on Plaintiff's counsel's website. *Id.* at § K. Thus, the proposed Class Notice is adequate.

B.   The Settlement Is Fair, Adequate and Reasonable.

In deciding whether to approve a proposed class action settlement, the Court must find whether a proposed settlement is "fair, adequate and reasonable." *Officers for Justice, supra,* 688 F.2d at 625; *see also* Fed. R. Civ. P. 23(e)(1)(C) (court must find that compromise is "fair, reasonable and adequate").

Courts act within their discretion in approving settlements which are fair, not collusive, and take into account "all the normal perils of litigation as well as the additional uncertainties inherent in complex class actions." *In re Beef Industry Antitrust Litigation,* 607 F. 2d 167, 179 (5th Cir. 1979), cert. den. sub nom, *Iowa Beef Processors, Inc. v. Meat Price Investigators Ass'n,* 452 U.S. 905 (1981). To determine if a settlement is fair, some or all of the following factors should be considered: (1) the strength of Plaintiffs' case; (2) the risk, expense, complexity, and duration of further litigation; (3) the risk of maintaining class certification; (4) the amount of settlement; (5) investigation and discovery; (6) the experience and views of counsel; and (7) the reaction of class members to the proposed settlement. *See, e.g., Hanlon, supra,* 150 F.3d at 1027; *Staton v. Boeing Co.,* 327 F.3d 938, 959 (9th Cir.2003). Where a settlement is reached on terms agreeable to all parties, a court should disapprove of the settlement "only with considerable circumspection." *Jamison v. Butcher & Sherrerd,* 68 F.R.D. 479, 481 (E. D. Pa. 1975).

C.   Plaintiff Contends that the Settlement Satisfies the Requirements of Federal Rule of Civil Procedure 23.

Plaintiff contends that preliminary approval of the proposed settlement is justified under *Amchem v. Windsor Prods.,* 52 U.S. 591, 620 (1996), because the Rule 23 requirements for

certifying a class for settlement purposes are met. Under *Amchem*, the Rule 23(a) factors the Court considers for class certification in a settlement are whether: (1) there are questions of law or fact common to the class, (2) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (3) the representative parties will fairly and adequately protect the interests of the class.

        1.     Plaintiff satisfies the commonality requirement.

The first Rule 23(a) prerequisite for certification for settlement purposes under *Amchem* concerns questions of law and/or fact common to the class. The necessary showing to satisfy commonality is "minimal." *Hanlon, supra*, 150 F.3d at 1020. This requirement is "construed permissively." *Id.* at 1019.

Each member of the settlement classes was employed by Defendants as a Membership Representative or similar position during at least a portion of the class period. Plaintiff alleges that Defendants maintained a uniform, nationwide policy establishing the compensability of drive time for full-time Membership Representatives. Because the alleged violations of the FLSA stem from the application of a single, uniform policy, these common questions are sufficient to satisfy Rule 23(a)(2) for the purpose of the Settlement.

Defendants' alleged California Labor Code violations also pose common questions sufficient to satisfy Rule 23(a)(2) for the purpose of the Settlement. Plaintiff alleges that Defendants failed to provide meal and rest periods to California Class Members, as evidenced by Defendants' failure to provide a record keeping mechanism for these breaks. Plaintiff further discovered that Defendants' rest break policy appeared facially non-compliant with California law. Therefore, Defendants' application of a uniform rest break policy and time-keeping policy for the California Class poses common questions sufficient to satisfy Rule 23(a)(2) for the purpose of the Settlement.

1

2

            2.       Plaintiff's claims are typical of those of the putative settlement
                     class members.

3

      To satisfy the typicality requirement, Plaintiff must demonstrate that his claims are typical

4

of the class claims. Fed. R. Civ. Proc. 23(a)(3). "Under the rule's permissive standards,

5

representative claims are typical if they are reasonably co-extensive with those of absent class

6

members; they need not be substantially identical." *Hanlon, supra*, 150 F.3d at 1020. Class

7

representatives and members of the class need only "share a common issue of law or fact"

8

9

(*California Rural Legal Assistance v. Legal Services Corp.*, 917 F.2d 1171, 1175 (9th Cir. 1990)),

10

and the claims must be "sufficiently parallel to insure a vigorous and full presentation of all

11

claims for relief." *Id.*, quoting *Sullivan v. Chase Inv. Serv. of Boston*, 79 F.R.D. 246, 257 (N.D.

12

Cal. 1978).

13

      Here, for settlement purposes, Plaintiff's claims are typical of the other class members'

14

because he was a Membership Representative who was not paid for all hours worked as a result

15

of Defendants' uniform drive time policy. Furthermore, for settlement purposes, Plaintiff's claims

16

are typical of those of the California Class because he asserts that he was not provided meal and

17

rest periods or paid compensation in lieu thereof.

18

19

            3.       Plaintiff fairly and adequately represents the settlement class.

20

      The third and final Rule 23(a) class certification prerequisite identified in *Amchem*

21

requires that Plaintiffs "fairly and adequately protect the interests of the class." Fed. R. Civ. Pro.

22

23(a)(4). A plaintiff adequately and fairly represents the interests of the putative class whenever

23

the plaintiff and his or her counsel do not have any conflicts of interest with other class members

24

and they will prosecute the action vigorously on behalf of the class. *Hanlon, supra*, 150 F.3d at

25

1020; *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978). Courts evaluate

26

27

the adequacy of representation in a settlement class to protect the interests of absent class

28

members and to guard against collusion between plaintiff's and defense counsel. *See* Schwarzer, Tashima & Wagstaffe, *Cal. Prac. Guide: Fed. Civ. Pro. Before Trial*, p. 10-116, §10:788.

Plaintiff maintains that he has obtained a settlement for the substantial benefit of all class members, not just himself. Plaintiff has fully understood his duties as a class representative throughout the pendency of this action, has provided substantial assistance and information to his counsel, and is able to vigorously prosecute the class claims. Hoffman Decl. at ¶ 12.

In addition, Plaintiff's attorneys consist of experienced wage-hour class action litigators and are devoted almost exclusively to the prosecution of class actions. Hoffman Decl. at ¶ 5-6. Plaintiff and his counsel are willing to vigorously prosecute the claims on behalf of the putative class and have thoroughly investigated the class claims, class damages and Defendants' defenses thereto. The team is well-qualified to prosecute this action in the event that the proposed settlement should fail for any reason, but they believe that the Settlement is in the class members' best interests. *Id.* at ¶ 13-15.

For these reasons, courts often certify wage and hour class actions that impact a large number of workers, for settlement purposes, as the most efficient method of resolving the class members' claims. *See Prince v. CLS Transportation*, 118 Cal. App. 4th 1320, 1328 (2004).

## VII. CONCLUSION

For the foregoing reasons and based on the settlement documents filed with this Motion, Plaintiff respectfully submits that the proposed settlement is fair, adequate, and reasonable. Plaintiff and his counsel believe that the proposed settlement is in the best interests of the Plaintiff and the putative Settlement Classes. Under the applicable class and collective action criteria and guidelines, Plaintiff respectfully requests that the Court: (1) preliminarily approve the Settlement Agreement; (2) conditionally certify, for settlement purposes only, the class and collective actions described herein; (3) authorize notice to the Settlement Classes; (4) appoint Rust Consulting, Inc.

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
C13-2123 JCS

1  as the settlement administrator, (5) appoint Hoffman Libenson Saunders & Barba as Settlement

2  Class Counsel and Plaintiff as Settlement Class Representative; and (6) schedule a final approval

3  hearing date.

4

5  DATE: April 17, 2014                    HOFFMAN LIBENSON SAUNDERS & BARBA

6

7

8                                    By:    */s/ Eric Barba*

9                                           Attorneys for Plaintiffs

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVALOF CLASS ACTION SETTLEMENT
C13-2123 JCS

# EXHIBIT 1

## STIPULATION OF SETTLEMENT AND RELEASE

This stipulation of settlement and release ("Stipulation of Settlement") is made and entered into by and between plaintiff Tony Benado ("Plaintiff"), individually and on behalf of all others similarly situated, and defendants The Nielsen Company (US), LLC, Nielsen Holdings N.V. and Nielsen National Research Group, Inc. (collectively "Defendant"), and their respective counsel of record, subject to the terms and conditions hereof and the Court's approval.

## A.   Definitions

1.      "Administration Costs" means the actual and direct costs reasonably charged by the Settlement Administrator for its services in administering the Settlement, currently projected by the Parties not to exceed Twenty Thousand Dollars ($20,000.00).

2.      "California Claim Form" means a proof of claim and release in substantially the form as **Exhibit 1**, attached hereto.

3.      "California Class" means all current or former employees of Defendant who held a position that includes the words "Membership Representative" in California during the California Class Period. Members of the California Class are referred to herein as "California Class Members."

4.      "California Class Period" is the period beginning May 8, 2009 through the date of Preliminary Approval.

5.      "California Class Released Claims" means all claims, demands, rights, liabilities and causes of action that were or could have been asserted (whether in tort, contract or otherwise) for violation of the California Labor Code, the California Business and Professions Code, the Private Attorneys General Act ("PAGA"), the applicable Industrial Welfare Commission Orders, the Fair Labor Standards Act, or any similar state or federal law, whether for economic damages, non-economic damages, liquidated damages, punitive damages, restitution, penalties, other monies, or other relief based on any facts, transactions, events, policies, occurrences, acts, disclosures, statements, omissions or failures to act pled in the Complaint, which are or could be the basis of claims that Defendant failed to pay wages or overtime, failed to provide accurate itemized wage statements, failed to provide meal or rest breaks, or compensation in lieu thereof, committed record-keeping violations, failed to pay timely pay or final pay, or engaged in unfair business practices at any times during the California Class Period.

6.      "California Percentage Share" means each California Class Member's Individual Work Weeks divided by the California Total Work Weeks.

7.      "California Settlement Allocation" means the portion of the Maximum Settlement Amount allocated to the California Class. The California Settlement Allocation is one third of the Maximum Settlement Amount, which is Four Hundred Thousand Dollars ($400,000.00).

8.      "California Total Work Weeks" means the sum of all Individual Work Weeks for all California Class Members.

9.      "Claims Deadline" means the date sixty (60) days following the date on which the Settlement Administrator first mails the Notice Packet to the Class Members.

10.     "Claimants" means those Class Members who submit a timely and valid California Claim Form or Nationwide Opt In and Claim Form, as applicable.

11.     "Class" means collectively the California Class and Nationwide Class.  Members of the Class are referred to herein as "Class Members."

12.     "Class Counsel" means Plaintiff's counsel, Hoffman, Libenson, Saunders & Barba.

13.     "Complaint" means the Complaint filed in the Lawsuit on or about May 8, 2013.

14.     "Court" means the United States District Court, Northern District of California.

15.     "Defendant's Counsel" means the law firm of Orrick, Herrington & Sutcliffe LLP.

16.     "Exclusion Letter" means a letter submitted by a California Class Member to the Settlement Administrator and postmarked by the Objection/Exclusion Deadline that includes the California Class Member's name and signature and the following statement or something similar to "I request to be excluded from the class action proceedings taking place in the matter of *Benado v. The Nielsen Company (et al.)*, United States District Court, Northern District of California, Case No. C13-2123 JCS."

17.     "Fee and Expense Award" means such award of fees and expenses as the Court may authorize to be paid to Class Counsel for the services they have rendered and will render to Plaintiff and the Class in the Lawsuit.  The Fee and Expense Award will not exceed 25% of the Maximum Settlement Amount, which is Three Hundred Thousand Dollars ($300,000.00), plus Class Counsel's actual out-of-pocket expenses in prosecuting this Lawsuit, which will not exceed Ten Thousand Dollars ($10,000.00).

18.     "Final Approval" means that the Final Approval Order has been entered by the Court.

19.     "Final Approval Order and Judgment" means the Order Granting Final Approval of Class Settlement and Judgment, in substantially the forms as **Exhibit 5 and Exhibit 6**, attached hereto, which shall be submitted with the motion for final approval.

20.     "Individual Settlement Payment" means the portion of the Net Settlement Proceeds distributable to each Claimant.

21.     "Individual Work Weeks" means weeks of employment for each Class Member as reflected by Defendant's corporate and business records, exclusive of leaves of absence, during the applicable class period.  Approximations and averages will be used to cover periods where data is missing or otherwise not available.

22.     "Lawsuit" means the case entitled, *"TONY BENADO, individually and on behalf of all others similarly situated v. The Nielsen Company (US), LLC, Nielsen Holdings N.V., and Nielsen National Research Group, Inc.,"* United States District Court, Northern District of California, Case No. C13-2123 JCS, and all amendments thereto.

23.     "Maximum Settlement Amount" means the maximum amount of One Million Two Hundred Thousand Dollars ($1,200,000.00) that Defendant shall pay as a result of this Stipulation of Settlement.

24. "Mediator" means Mark Rudy, Esq.

25. "Nationwide Class" means all current or former employees of Defendant who held a position that includes the words "Membership Representative" in the United States (except California) during the Nationwide Class Period. Members of the Nationwide Class are referred to herein as "Nationwide Class Members."

26. "Nationwide Class Period" is the period beginning May 8, 2010 through the date of Preliminary Approval.

27. "Nationwide Class Released Claims" means all claims, demands, rights, liabilities and causes of action that were or could have been asserted (whether in tort, contract or otherwise) for violation of the Fair Labor Standards Act or any similar state or federal law, whether for economic damages, non-economic damages, liquidated damages, punitive damages, restitution, penalties, other monies, or other relief based on any facts, transactions, events, policies, occurrences, acts, disclosures, statements, omissions or failures to act pled in the Complaint, which are or could be the basis of claims that Defendant failed to pay wages or overtime at any time during the Nationwide Class Period.

28. "Nationwide Percentage Share" means each Nationwide Class Member's Individual Work Weeks divided by the Nationwide Total Work Weeks.

29. "Nationwide Opt In and Claim Form" means a proof of claim and release, and consent to join in substantially the form as **Exhibit 2**, attached hereto.

30. "Nationwide Settlement Allocation" means the portion of the Maximum Settlement Amount allocated to the Nationwide Class. The Nationwide Settlement Allocation is two thirds of the Maximum Settlement Amount, which is Eight Hundred Thousand Dollars ($800,000.00).

31. "Nationwide Total Work Weeks" means the sum of all Individual Work Weeks for all Nationwide Class Members.

32. "Net Settlement Proceeds" means the Maximum Settlement Amount less the Fee and Expense Award, the Service Payment, the PAGA Payment and Administration Costs, as approved and awarded by the Court. At this time, the Net Settlement Proceeds is estimated to be $860,000.00. One third of the Net Settlement Proceeds shall be allocated to the California Class and two thirds of the Net Settlement Proceeds shall be allocated to the Nationwide Class.

33. "Notice" means the Court-approved form of notice to Class Members, substantially in the form as **Exhibit 3**, attached hereto.

34. "Notice Packet" means the Notice and California Claim Form or Nationwide Opt In and Claim Form, as applicable.

35. "Objection/Exclusion Deadline" means the date sixty (60) calendar days following the date on which the Settlement Administrator first mails the Notice Packet to the Class Members.

36. "PAGA Payment" means the sum of Five Thousand Dollars ($5,000.00), which shall be allocated from the Maximum Settlement Amount to pay all applicable penalties under PAGA to the Labor and Workforce Development Agency ("LWDA").

37.     "Parties" means Plaintiff and the Class and Defendant, collectively.

38.     "Payment Obligation and Class Release Date" means the date which is thirty-five (35) days after (a) entry of the Final Approval Order and Judgment, without any appeals or requests for review being taken, or (b) orders affirming said Final Approval Order and Judgment or denying review after exhaustion of all appellate remedies, if appeals or requests for review have been taken.

39.     "Payroll Taxes" means the employer's portion of FICA, FUTA, and all other state and federal payroll taxes.

40.     "Preliminary Approval" means that the Court has entered an order in substantially the form attached hereto as **Exhibit 4**, preliminarily approving the terms and conditions of this Stipulation of Settlement, including the manner of providing notice to Class Members.

41.     "Released Parties" means defendants The Nielsen Company (US), LLC, Nielsen Holdings, N.V., Nielsen National Research Group, Inc., their past or present officers, directors, shareholders, employees, agents, principals, heirs, representatives, accountants, auditors, consultants, insurers and reinsurers, and their respective successors and predecessors in interest, subsidiaries, affiliates, parents and attorneys.

42.     "Remainder" means the unclaimed portion of the Net Settlement Proceeds allocated to the California Class if fewer than all California Class Members submit a timely and valid California Claim Form and/or if any California Class Members submit a timely and valid Exclusion Letter.

43.     "Service Payment" means the sum paid to Plaintiff Tony Benado in recognition of his effort in obtaining the benefits of the Settlement.  The Service Payment shall not exceed Five Thousand Dollars ($5,000.00).

44.     "Settlement" means the terms and conditions set forth in this Stipulation of Settlement.

45.     "Settlement Administrator" means Rust Consulting, Inc. or such other entity which the Parties mutually agree shall serve as Settlement Administrator.

## B.     General

46.     Plaintiff filed the Complaint in the United States District Court, Northern District of California, Case No. C13-2123 JCS on May 8, 2013.  After Defendant answered the Complaint, the Parties agreed to exchange informal discovery and undergo a private mediation with the Mediator. At the conclusion of the mediation, the Parties reached a settlement, which is memorialized in this Stipulation of Settlement.

47.     Defendant denies any liability and wrongdoing of any kind associated with the claims alleged in the Lawsuit, and further denies that the Lawsuit is appropriate for collective or class treatment for any purpose other than this Settlement.  Defendant contends, among other things, that it has complied at all times with the Fair Labor Standards Act, the California Labor Code, the Industrial Welfare Commission Wage Orders, and the California Business and Professions Code.

48.     Plaintiff believes that the Lawsuit is meritorious and that class and collective action certification are appropriate.

49. Class Counsel has conducted a thorough investigation into the facts of the Lawsuit, including informal discovery, interviews and a review of company documents. Class Counsel is knowledgeable about and has done extensive research with respect to the applicable law and potential defenses to the claims of the Class. Class Counsel has diligently pursued an investigation of the Class Members' claims against Defendant. Based on the forgoing data and on their own independent investigation and evaluation, Class Counsel is of the opinion that the settlement with Defendant for the consideration and on the terms set forth in this Stipulation of Settlement is fair, reasonable, and adequate and is in the best interest of the Class Members in light of all known facts and circumstances, including the risk of significant delay and uncertainty associated with litigation, various defenses asserted by Defendant, and numerous potential appellate issues. Defendant agrees not to dispute that the Settlement is fair, reasonable and adequate.

50. The Parties stipulate and agree to the conditional certification of the Class for purposes of this Settlement only. Should, for whatever reason, the Court not grant Final Approval, the Parties' stipulation to class certification as part of the Settlement shall become null and void *ab initio* and shall have no bearing on, and shall not be admissible in connection with, the issue of whether or not certification would be appropriate in a non-settlement context. Defendant expressly reserves its right and declares that it intends to oppose class certification vigorously should this Settlement not be granted Final Approval.

## C. Settlement Components

51. The Settlement in this Lawsuit shall have five components: (1) the Individual Settlement Payments; (2) the Service Payment; (3) the Fee and Expense Award; (4) the Administration Costs; and (5) the PAGA Payment. All of these components are included in the Maximum Settlement Amount and shall be taken proportionally from the Nationwide Settlement Allocation and California Settlement Allocation.

(a) **Payroll Taxes:** The Maximum Settlement Amount does not include the Payroll Taxes, which shall be paid by Defendant separate and apart from the Maximum Settlement Amount, except as provided in subsection (c) below. The Payroll Taxes will be computed by the Settlement Administrator based on the amounts paid to the Claimants. The Settlement Administrator shall be responsible for making all necessary payments and government filings in connection with such payments.

(b) **Calculation of the Individual Settlement Payments:** The Settlement Administrator shall have the authority and obligation to calculate the amounts of Individual Settlement Payments in accordance with the methodology set forth in this Stipulation of Settlement and orders of the Court. The Parties recognize and agree that the claims for relief in the Lawsuit are extremely difficult to determine with any certainty for any given year, or at all, and are subject to many differing calculations and formulas. The Parties agree that the formula for allocating the Individual Settlement Payments to Claimants provided herein is reasonable and that the payments provided herein are designed to provide a fair settlement to such persons, in light of the uncertainties of the compensation alleged to be owed to the Class and the calculation of such amounts.

It shall be the responsibility of the Settlement Administrator to timely and properly withhold from Individual Settlement Payments payable to Claimants all applicable payroll and employment taxes, but not federal, state, and local income taxes, and to prepare and deliver the necessary tax documentation and, thereafter, to cause the appropriate deposits of withholding taxes and

informational and other tax return filing to occur. Each Claimant's share of all applicable payroll and employment taxes withheld and deposited with the applicable governmental authorities in accordance with this Stipulation of Settlement shall be a part of, and paid out of, the Individual Settlement Payment to each Claimant. Each Claimant will be responsible for paying all applicable state, local, and federal income taxes on all amounts the Claimant receives pursuant to this Stipulation of Settlement.

The Parties have agreed that the Individual Settlement Payments will be calculated on the basis of the number of Individual Work Weeks. The Individual Settlement Payments for the Claimants in the California Class will be calculated by multiplying one third of the Net Settlement Proceeds by each California Class Member's California Percentage Share. The Individual Settlement Payments for the Claimants in the Nationwide Class will be calculated by multiplying two thirds of the Net Settlement Proceeds by each Nationwide Class Member's Nationwide Percentage Share.

The Individual Settlement Payments will be allocated as follows: 50% to settlement of wage claims, which will be subject to required tax withholdings; and 50% to settlement of claims for liquidated damages, interest and/or statutory penalties, which will be paid without withholding any amount. The portion allocated to wages shall be reported on an IRS Form W-2, and the portion allocated to liquidated damages, interest and statutory penalties shall be reported on an IRS Form 1099.

        (c)     **Allocation of a Portion of the Remainder:** Defendant will guarantee payment of 70% of the Net Settlement Proceeds allocated to the California Class. If the total of the Individual Settlement Payments to the Claimants in the California Class is less than 70% of the portion of the Net Settlement Proceeds allocated to the California Class, a portion of the Remainder, up to 70% of the Net Settlement Proceeds allocated to the California Class, will be proportionately divided among and added to the Individual Settlement Payments to the California Class Claimants. The balance of the Remainder, if any, will be retained by Defendant, and this amount may be used by Defendant to pay the employer's portion of the Payroll Taxes related to the Individual Settlement Payments.

        (d)     **Unclaimed Portion of Net Settlement Proceeds Allocated to Nationwide Class:** Only amounts claimed by Nationwide Claimants shall be paid by Defendant from the Net Settlement Proceeds. Any unclaimed amounts from the Net Settlement Proceeds allocated to the Nationwide Class shall remain the property of Defendant.

        (e)     **Service Payment:** Defendant agrees not to challenge Class Counsel's request for the Service Payment to the Plaintiff. The Service Payment will be paid in addition to Plaintiff's Individual Settlement Payment. Should the Service Payment approved by the Court be less than the amount sought, the difference shall be added proportionally amongst the Net Settlement Proceeds allocated to the Nationwide Class and California Class. An IRS Form 1099 will be issued to the Plaintiff in connection with the Service Payment.

        Plaintiff agrees not to object to the Settlement, request exclusion from the Settlement or appeal any aspect of the Settlement. Any such objection, request for exclusion, or appeal shall therefore be void and of no force or effect.

        (f)     **Class Counsel's Fees and Costs:** Defendant agrees not to challenge Class Counsel's request for its Fee and Expense Award. Should the Fee and Expense Award approved by the Court be less than the amount sought, the difference shall be added proportionally amongst

the Net Settlement Proceeds allocated to the Nationwide Class and California Class.  A Form 1099 will be issued to Class Counsel.  Payment of the Fee and Expense Award to Class Counsel shall constitute full satisfaction of any obligation to pay any amounts to any person, attorney or law firm for attorneys' fees, expenses or costs in the Lawsuit incurred by any attorney on behalf of Plaintiff or the Class, and shall relieve Defendant and Defendant's Counsel of any other claims or liability to any other attorney or law firm for any attorneys' fees, expenses and/or costs to which any of them may claim to be entitled on behalf of Plaintiff and/or the Class with respect to this Lawsuit and Settlement.  Upon receipt of the Fee and Expense Award, Class Counsel, Plaintiff and the Class will be deemed to have released Defendant from any and all claims for fees and costs resulting from the Lawsuit.

**D.  Release by the California Class.**

52.  Upon the Payment Obligation and Class Release Date, the California Class Members (other than those who submit a timely and valid Exclusion Letter) will fully release the California Class Released Claims and agree not to sue or otherwise make a claim against any of the Released Parties for the California Class Released Claims.  The Individual Settlement Payments shall be paid to Claimants specifically in exchange for the release of the Released Parties from the California Class Released Claims and the covenant not to sue concerning the California Class Released Claims.

53.  The release of claims provided by this Stipulation of Settlement includes California Class Members' California Class Released Claims which a California Class Member does not know or suspect to exist in his or her favor against Defendant as of the date of Final Approval.  Each California Class Member, including the Plaintiff, waives all rights and benefits afforded by section 1542 of the California Civil Code as to their California Class Released Claims, and does so understanding the significance of that waiver.  Section 1542 provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

**E.  Release by the Nationwide Class**

54.  Upon the Payment Obligation and Class Release Date, the Nationwide Class Members who submit a timely and valid Nationwide Opt In and Claim Form will fully release the Nationwide Class Released Claims and agree not to sue or otherwise make a claim against any of the Released Parties for the Nationwide Class Released Claims.  The Individual Settlement Payments shall be paid to Nationwide Class Claimants specifically in exchange for the release of the Released Parties from the Nationwide Class Released Claims and the covenant not to sue concerning the Nationwide Class Released Claims.

55.  The release of claims provided by this Stipulation of Settlement includes Nationwide Class Members' Nationwide Class Released Claims which a Nationwide Class Member does not know or suspect to exist in his or her favor against Defendant as of the date of Final Approval.

**F.  Preliminary Approval**

56.     Class Counsel shall request a hearing before the Court to seek Preliminary Approval of the Settlement on a mutually available date.  In conjunction with such hearing, Class Counsel shall submit this Stipulation of Settlement, together with the exhibits attached hereto, and any other documents necessary to implement the Settlement.  Plaintiff's Counsel shall provide a copy of the draft motion for preliminary approval to Defendant's Counsel for review and approval five (5) calendar days before filing it with the Court.

## G.     Notice and Claim Process.

57.     Within fourteen (14) calendar days after entry of the order granting Preliminary Approval, Defendant shall provide to the Settlement Administrator a list of all Class Members, including their name, social security number, last known address, telephone number, and Individual Work Weeks.

58.     Within fourteen (14) calendar days after receiving the Class Member list from Defendant, the Settlement Administrator shall send the Notice Packet via first class mail to all Class Members.  Prior to the initial mailing, the Settlement Administrator will check the addresses provided by Defendant through the National Change of Address System.

59.     If an original Notice Packet is returned as undeliverable with a forwarding address provided by the United States Postal Service, the Claims Administrator will promptly resend a Notice Packet to that forwarding address along with a brief letter stating that the recipient of the Notice Packet has until the original deadline set forth on the Notice or fifteen (15) calendar days after the re-mailing of the Notice Packet (whichever is later) to submit a California Claim Form or Nationwide Opt In and Claim Form, as applicable.  If an original Notice Packet is returned as undeliverable without a forwarding address, the Claims Administrator will make reasonable efforts to locate forwarding addresses, including a skip trace, and if it obtains a more recent address, will resend a Notice Packet along with a brief letter stating that the recipient of the Notice Packet has until the original deadline set forth on the Notice or fifteen (15) calendar days after the re-mailing of the Notice Packet (whichever is later) to submit a California Claim Form or Nationwide Opt In and Claim Form, as applicable.

60.     At least ten (10) calendar days prior to the final approval hearing, the Settlement Administrator will provide a declaration of due diligence and proof of mailing with regard to the mailing of the Notice Packet to counsel for all Parties.

61.     For purposes of this Stipulation of Settlement, a California Claim Form shall be deemed valid only if: (i) the California Claim Form contains the California Class Member's name; (ii) the California Class Member has dated and signed the California Claim Form; and (iii) the name provided by the California Class Member on the California Claim Form matches Defendant's records (or the California Class Member demonstrates that his or her name has been legally changed).

62.     For purposes of this Stipulation of Settlement, a Nationwide Opt In and Claim Form shall be deemed valid only if: (i) the Nationwide Opt In and Claim Form contains the Nationwide Class Member's name; (ii) the Nationwide Class Member has dated and signed the claim form portion of the Nationwide Claim Form; (iii) the Nationwide Class Member  has signed and dated the opt in portion of the Nationwide Claim Form; and (iv) the name provided by the Nationwide Class Member on the Nationwide Opt In and Claim Form matches Defendant's records (or the Nationwide Class Member demonstrates that his or her name has been legally changed).

63.     If the Settlement Administrator receives a California Claim Form or Nationwide Opt In and Claim Form on or before the Claims Deadline but it is defective as to any of the specified requirements, then within five (5) calendar days of its receipt of the defective form, the Settlement Administrator shall, after retaining a copy of the defective form, mail the defective form back to the Class Member with instructions on how to cure the defect(s) and instructions that the corrected form must be received by the Settlement Administrator by the original deadline set forth on the Notice or fifteen (15) calendar days after the mailing of the defective form (whichever is later).  If the Class Member's California Claim Form or Nationwide Opt In and Claim Form remains defective after this opportunity to cure, unless the Parties agree otherwise, it shall be rejected by the Settlement Administrator and the Settlement Administrator shall send that person a notice stating the reason the claim was denied.

64.     To the extent a Claimant disputes the Individual Work Weeks shown in his or her California Claim Form or Nationwide Opt In and Claim Form, the Claimant may produce evidence to the Settlement Administrator establishing the dates he or she contends to have worked for Defendant as a Class Member.  Defendant's records will be presumed determinative.  The Settlement Administrator shall notify counsel for the Parties of any disputes.  Defendant shall review its records and provide further information to the Settlement Administrator, as necessary. The Settlement Administrator shall resolve any disputes and notify counsel for the Parties of its decision.

65.     The Settlement Administrator's determination of eligibility for any Individual Settlement Payments under the terms of this Stipulation of Settlement shall be conclusive, final and binding on all Parties and all Class Members, so long as the Settlement Administrator has first consulted with the Parties regarding any disputes or questions as to eligibility.

66.     The Notice shall provide that California Class Members who wish to exclude themselves from the Settlement must submit an Exclusion Letter.  Any California Class Member who properly requests exclusion using this procedure will not be entitled to any payment from the Settlement and will not be bound by the Stipulation of Settlement or have any right to object, appeal or comment thereon.  California Class Members who fail to submit a valid and timely Exclusion Letter shall be bound by all terms of the Stipulation of Settlement and any judgment entered in the Lawsuit if the Settlement is approved by the Court.

67.     If five percent (5%) or more of the California Class Members submit a timely and valid Exclusion Letter, Defendant shall have the option of canceling the settlement and all actions taken in its furtherance will be null and void.  Defendant must exercise this right within fifteen (15) calendar days after the Settlement Administrator notifies the Parties of the number of valid and timely Exclusion Letters received, which the Settlement Administrator must do within seven (7) calendar days after the Objection/Exclusion Deadline.

68.     In order to object to the Settlement, a California Class Member must file his or her objection with the Court and serve it on all Parties no later than the Objection/Exclusion Deadline, or fifteen (15) days after the re-mailing of the Notice Packet to that Class Member, whichever is later.

69.     Class Members must mail or deliver a completed California Claim Form or Nationwide Opt In and Claim Form, as applicable, to the Settlement Administrator by the Claims Deadline, or fifteen (15) days after the re-mailing of the Notice Packet to that Class Member, whichever is later.  The timeliness of submitted California Claim Forms and Nationwide Opt In and

Claim Forms will be determined by valid postmark. In the event that the postmark is illegible, the California Claim Form or Nationwide Opt In and Claim Form shall be deemed timely if it is received within seven (7) days after the Claims Deadline.

70.     Defendant will provide the Settlement Administrator with sufficient funds to make all payments due to Plaintiff, Class Counsel, the LWDA, the Settlement Administrator, and the Claimants, plus any owed Payroll Taxes as soon as practicable, but no later than five (5) calendar days after the Payment Obligation and Class Release Date.

71.     The Settlement Administrator will mail or wire all required payments no later than ten (10) calendar days after the Payment Obligation and Class Release Date. If a Claimant's check is returned to the Settlement Administrator, the Settlement Administrator will make all reasonable efforts to re-mail it to the Claimant at his or her correct address. It is expressly understood and agreed that the checks for the Individual Settlement Payments will become void and no longer available if not cashed within one hundred eighty days (180) days after mailing. Any funds from uncashed checks for Claimants in the California Class shall escheat to the state. Any funds from uncashed checks for Claimants in the Nationwide Class shall be donated cy pres to a nationwide non-profit organization selected by the Parties. Upon completion of administration of the Settlement, the Settlement Administrator shall provide written certification of such completion to the Court, Class Counsel and Defendant's Counsel.

72.     No person shall have any claim against Defendant, Defendant's Counsel, Plaintiff, the Class, Class Counsel or the Settlement Administrator based on mailings, distributions and payments made in accordance with this Stipulation of Settlement.

**H.     No Settlement Fund Created.**

73.     The Parties agree that California Code of Civil Procedure section 384 is not applicable to this Stipulation of Settlement. The Parties represent that the Maximum Settlement Amount is a settlement amount that takes into account the probability that some Class Members for various reasons will not opt in and/or file claims or will request exclusion from the Settlement. The Parties recognize that the settlement amount would have been less if all of it had to be paid, and that this Stipulation of Settlement does not create a settlement fund. Neither Plaintiff nor Class Counsel shall take, or cause any other person to take, a position before the Court that section 384 applies to this Stipulation of Settlement.

**I.     Motion for Final Approval.**

74.     Plaintiff shall timely file the motion for final approval and request entry of the Final Approval Order and Judgment. Three (3) calendar days prior to filing the motion for final approval of the Settlement, Class Counsel shall provide a draft of the motion to Defendant's Counsel for review.

**J.     No Effect on Employee Benefits.**

75.     The Individual Settlement Payments and the Service Payment shall not have any effect on the eligibility for, or calculation of, any employee benefits (*e.g.* vacation, retirement plans, etc.) of Claimants or Plaintiff. No benefit, including but not limited to 401K benefits, shall increase or accrue as a result of any payment made as a result of this Settlement.

**K.  Publicity.**

76.  Plaintiff and Class Counsel will not engage in any publicity of any kind relating to this Settlement or Defendant. However, Class Counsel may list the claims asserted against Defendant, the settlement amount, and the publicly filed settlement documents on its website.

**L.  Privacy of Documents and Information.**

77.  Plaintiff and Class Counsel agree that they will destroy all confidential documents and information provided to them by Defendant within thirty (30) days of the Payment Obligation and Class Release Date, except for documents that must be saved for malpractice purposes. Plaintiff and Class Counsel further agree that none of the documents and information provided to them by Defendant shall be used for any purpose other than prosecution of this Lawsuit or the defense or prosecution of a malpractice action.

**M.  Voiding the Agreement.**

78.  In the event of any of the following: (i) the Court does not approve the scope of the California Class Released Claims or Nationwide Class Released Claims; (ii) the Court finds the Maximum Settlement Amount is insufficient to warrant approval; or (iii) five percent (5%) or more of the California Class Members submit a timely and valid Exclusion Letter, Defendant may elect to reject this Settlement and the Stipulation of Settlement shall be null and void *ab initio* and any order or judgment entered by the Court in furtherance of this Settlement shall be treated as withdrawn or vacated by stipulation of the Parties. In such case, the Class Members and Defendant shall be returned to their respective statuses as of the date immediately prior to the execution of this Stipulation of Settlement. In the event an appeal is filed from the Final Approval Order and Judgment, or any other appellate review is sought prior to the Payment Obligation and Class Release Date, administration of the Settlement shall be stayed pending final resolution of the appeal or other appellate review.

**N.  Parties' Authority.**

79.  The signatories hereto represent that they are fully authorized to enter into this Stipulation of Settlement and bind the Parties to the terms and conditions hereof.

**O.  Mutual Full Cooperation.**

80.  The Parties and their counsel agree to fully cooperate with each other to accomplish the terms of this Stipulation of Settlement, including but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement the terms of this Stipulation of Settlement. The Parties to this Stipulation of Settlement shall use their best efforts, including all efforts contemplated by this Stipulation of Settlement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Stipulation of Settlement and the terms set forth herein. In the event the Parties are unable to reach agreement on the form or content of any document needed to implement the Settlement, or on any supplemental provisions or actions that may become necessary to effectuate the terms of this Stipulation of Settlement, the Parties shall seek the assistance of the Court or the Mediator to resolve such disagreement.

**P.  No Prior Assignments.**

81.     The Parties hereto represent, covenant, and warrant that they have not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights released and discharged by this Stipulation of Settlement.

**Q.     No Admission.**

82.     Nothing contained herein, nor the consummation of this Stipulation of Settlement, is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendant or any of the other Released Parties. Each of the Parties hereto has entered into this Stipulation of Settlement with the intention of avoiding further disputes and litigation with the attendant risk, inconvenience and expenses. This Stipulation of Settlement is a settlement document and shall, pursuant to California Evidence Code section 1152 and/or Federal Rule of Evidence 408 and/or any other similar law, be inadmissible as evidence in any proceeding, except an action or proceeding to approve the settlement, and/or interpret or enforce this Stipulation of Settlement.

**R.     Construction.**

83.     The Parties hereto agree that the terms and conditions of this Stipulation of Settlement are the result of lengthy, intensive arms' length negotiations between the Parties and that this Stipulation of Settlement shall not be construed in favor of or against any of the Parties by reason of the extent to which any Party or his or its counsel participated in the drafting of this Stipulation of Settlement.

**S.     Jurisdiction of the Court.**

84.     Except for those matters to be resolved by the Mediator or the Settlement Administrator as expressly stated, any dispute regarding the interpretation or validity of or otherwise arising out of this Stipulation of Settlement, or relating to the Lawsuit or the Class Released Claims, shall be subject to the exclusive jurisdiction of the Court, and the Plaintiff, Class Members, and Defendant agree to submit to the personal and exclusive jurisdiction of the Court. The Court shall retain jurisdiction solely with respect to the interpretation, implementation and enforcement of the terms of this Stipulation of Settlement and all orders and judgments entered in connection therewith, and the Parties and their counsel submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing the settlement embodied in this Stipulation of Settlement and all orders and judgments entered in connection therewith.

**T.     California Law Governs.**

85.     All terms of this Stipulation of Settlement and the exhibits hereto shall be governed by and interpreted according to the laws of the State of California, regardless of its conflict of laws.

**U.     Invalidity of Any Provision.**

86.     The Parties request that before declaring any provision of this Stipulation of Settlement invalid, the Court shall first attempt to construe all provisions valid to the fullest extent possible consistent with applicable precedents.

## V.   Headings.

87.     The headings contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Stipulation of Settlement or any provision hereof.

## W.   Exhibits.

88.     The terms of this Stipulation of Settlement include the terms set forth herein and the attached Exhibits 1-5, which are incorporated by this reference as though fully set forth herein.  Any exhibits to this Stipulation of Settlement are an integral part of the Settlement.

## X.   Amendment or Modification.

89.     This Stipulation of Settlement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors-in-interest.

## Y.   Entire Agreement.

90.     This Stipulation of Settlement, including Exhibits 1-5 attached hereto, contains the entire agreement between Plaintiff and Defendant relating to the Settlement and transactions contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, including the Memorandum of Agreement between the Parties dated November 18, 2013, are merged herein.  No rights hereunder may be waived except in writing.

## Z.   Binding On Assigns.

91.     This Stipulation of Settlement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators, successors and assigns.

## AA.   No Solicitation re: Claims, Objections, Exclusions or Appeals.

92.     The Parties and their counsel shall leave the decision as to whether to participate in the Settlement up to the Class Members and shall not encourage or discourage Class Members from making claims.  The Parties and their counsel shall not solicit or otherwise encourage Class Members to submit written objections to the Settlement or to appeal from the Court's Final Approval Order and Judgment.  The Parties and their counsel shall also not encourage California Class Members to submit Exclusion Letters.

## BB.   Interim Stay of Proceedings.

93.     The Parties agree to hold in abeyance all proceedings in the Lawsuit, except such proceedings necessary to implement and complete the Settlement, pending the final approval hearing to be conducted by the Court.

## CC.   Counterparts.

94.     This Stipulation of Settlement may be executed in counterparts, and when each of the Parties has signed and delivered at least one such counterpart, each counterpart shall be deemed

an original, and, when taken together with other signed counterparts, shall constitute one fully-signed Stipulation of Settlement, which shall be binding upon and effective as to all Parties.

**CLASS COUNSEL:**

Dated: ___3/12___, 2014          HOFFMAN, LIBENSON, SAUNDERS & BARBA


By: _Eric Barba_____
      ERIC BARBA


Dated: ___3/12___, 2014          **PLAINTIFF:**

_Tony Benado_____
TONY BENADO


**DEFENDANT'S COUNSEL:**

Dated: _____, 2014          ORRICK, HERRINGTON & SUTCLIFFE  LLP


By: _____
      JESSICA PERRY


**DEFENDANT:**

Dated: _____, 2014          THE NIELSEN COMPANY (US), LLC, NIELSEN
HOLDINGS N.V., NIELSEN NATIONAL RESEARCH
GROUP, INC.


By: _____
      LOIS BURKE
      Associate General Counsel

an original, and, when taken together with other signed counterparts, shall constitute one fully-signed Stipulation of Settlement, which shall be binding upon and effective as to all Parties.

**CLASS COUNSEL:**

Dated: _____, 2014          HOFFMAN, LIBENSON, SAUNDERS & BARBA


By: _____
          ERIC BARBA


Dated: _____, 2014          **PLAINTIFF:**


_____

TONY BENADO


**DEFENDANT'S COUNSEL:**

Dated: Mar. 18, 2014          ORRICK, HERRINGTON & SUTCLIFFE  LLP


By: _____
          JESSICA PERRY


**DEFENDANT:**

Dated: March 17, 2014          THE NIELSEN COMPANY (US), LLC, NIELSEN
                               HOLDINGS N.V., NIELSEN NATIONAL RESEARCH
                               GROUP, INC.


By: _____
          LOIS BURKE
          Associate General Counsel

# EXHIBIT 1-1

**CALIFORNIA CLAIM FORM**
**Benado v. Nielsen et al.**
**United States District Court, Northern District of California, Case No. C13-2123 JCS**

**THE DEADLINE FOR SUBMITTING THIS FORM IS _____, 2014.**

**YOUR ESTIMATED INDIVIDUAL SETTLEMENT PAYMENT:  $_____**

This estimate is based on corporate and business records maintained by Nielsen, which show that the total number of weeks you were employed by Nielsen as a California Class Member, excluding leaves of absence ("Individual Work Weeks"), is: _____.

I.   CLAIMANT IDENTIFICATION                    Please Make any Name/Address Corrections Below:

    <<First>> <<Last>>                    _____
    <<Address1>>                          _____
    <<Address2>>                          _____
    <<City>> <<State>> <Zip>>             _____

II.      GENERAL INFORMATION

As a current or former employee of Nielsen who held a position that includes the words "Membership Representative" in California from May 8, 2009 through [preliminary approval date] ("California Class Period"), you are a California Class Member in the class action entitled Benado v. Nielsen et al., United States District Court, Northern District of California, Case No. C13-2123 JCS. As a California Class Member, or as a representative, assign, heir, executor, administrator, custodian, predecessor or successor in interest to a California Class Member, you are eligible to submit a California Claim Form to participate in the Settlement reached by the Parties.

In order to receive money from the Settlement, you must sign and date this California Claim Form and return it by first-class mail, **postmarked no later than _____, 2014** to the following address:

**Benado v. Nielsen et al.**
c/o _____
[Address]

**If you fail to submit your California Claim Form by [Date], your claim will be rejected and you will not receive any money in connection with the Settlement. If you do not submit a valid California Claim Form and do not request exclusion from the Settlement, you will be bound by the Settlement. If you wish to be excluded from the Settlement, you must follow the procedure explained in Paragraph 17 of the Notice provided in this mailing. If you request exclusion from the Settlement, you will not receive an Individual Settlement Payment and will not be bound by the Settlement or the Final Approval Order and Judgment.**

III.      IF YOU DISPUTE THE INFORMATION ABOVE

If you believe the number of Individual Work Weeks listed at the top of this page is incorrect, check the box below, and send this California Claim Form, a letter, and supporting documentation to the Settlement Administrator indicating what you believe is the correct number of Individual Work Weeks you worked from May 8, 2009 through [preliminary approval date]. The Settlement Administrator will resolve any dispute based upon Nielsen's records and any documents and information you provide. Please be advised that the number of Individual Work Weeks is presumed to be correct unless the documents you submit are company records from Nielsen.

☐  I disagree with the Individual Work Week information listed above **and** have submitted supporting documentation.

IV.      CALIFORNIA CLASS RELEASE OF CLAIMS

I hereby agree to the release of claims set forth in relevant part below:

Upon the Payment Obligation and Class Release Date, the California Class Members (other than those who submit a timely and valid Exclusion Letter) will fully release the California Class Released Claims and agree not to sue or otherwise make a claim against any of the Released Parties for the California Class Released Claims. The Individual Settlement Payments shall be paid to Claimants specifically in exchange for the release of the Released Parties from the California Class Released Claims and the covenant not to sue concerning the California Class Released Claims.

OHSUSA:756199544.2

"California Class Released Claims" means all claims, demands, rights, liabilities and causes of action that were or could have been asserted (whether in tort, contract or otherwise) for violation of the California Labor Code, the California Business and Professions Code, the Private Attorneys General Act ("PAGA"), the applicable Industrial Welfare Commission Orders, the Fair Labor Standards Act, or any similar state or federal law, whether for economic damages, non-economic damages, liquidated damages, punitive damages, restitution, penalties, other monies, or other relief based on any facts, transactions, events, policies, occurrences, acts, disclosures, statements, omissions or failures to act pled in the Complaint, which are or could be the basis of claims that Defendant failed to pay wages or overtime, failed to provide accurate itemized wage statements, failed to provide meal or rest breaks, or compensation in lieu thereof, committed record-keeping violations, failed to pay timely pay or final pay, or engaged in unfair business practices at any times during the California Class Period.

"Released Parties" means defendants The Nielsen Company (US), LLC, Nielsen Holdings, N.V., Nielsen National Research Group, Inc., their past or present officers, directors, shareholders, employees, agents, principals, heirs, representatives, accountants, auditors, consultants, insurers and reinsurers, and their respective successors and predecessors in interest, subsidiaries, affiliates, parents and attorneys.

The release of claims provided by this Stipulation of Settlement includes California Class Members' California Class Released Claims which a California Class Member does not know or suspect to exist in his or her favor against Defendant as of the date of Final Approval. Each California Class Member, including the Plaintiff, waives all rights and benefits afforded by section 1542 of the California Civil Code as to their California Class Released Claims, and does so understanding the significance of that waiver. Section 1542 provides: A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

I have received the Notice and I submit this California Claim Form under the terms of the proposed Settlement described in the Notice. I also submit to the jurisdiction of the United States District Court, Northern District of California with respect to my claim as a California Class Member. I understand that the full and precise terms of the proposed settlement are contained in the Stipulation of Settlement filed with the Court. I further acknowledge that I am bound by the terms of any judgment that may be entered in this Lawsuit. I agree to furnish additional information to support my claim if required to do so. If I am the executor and/or heir of a California Class Member or a representative of a California Class Member, I have provided appropriate documentation about the capacity in which I am submitting this California Claim Form on separate sheets attached.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information is true and accurate, that I have read and understand the Notice that was mailed with this California Claim Form, and agree to abide by the terms of the Notice and this California Claim Form.

Dated: _____          _____
                                                                              (Signature)

# EXHIBIT 1-2

**NATIONWIDE OPT IN AND CLAIM FORM**
**Benado v. Nielsen et al.**
**United States District Court, Northern District of California, Case No. C13-2123 JCS**

**THE DEADLINE FOR SUBMITTING THIS FORM IS _____, 2014.**

**YOUR ESTIMATED INDIVIDUAL SETTLEMENT PAYMENT: $_____**

This estimate is based on corporate and business records maintained by Nielsen, which show that the total number of weeks you were employed by Nielsen as a Nationwide Class Member, excluding leaves of absence ("Individual Work Weeks"), is: _____.

I.  CLAIMANT IDENTIFICATION                    Please Make any Name/Address Corrections Below:

       <<First>> <<Last>>                         _____
       <<Address1>>                            _____
       <<Address2>>                            _____
       <<City>> <<State>> <Zip>>

II.  GENERAL INFORMATION

As a current or former employee of Nielsen who held a position that includes the words "Membership Representative" in the United States (except California) from May 8, 2010 through [preliminary approval date] ("Nationwide Class Period"), you are a Nationwide Class Member in the class action entitled Benado v. Nielsen et al., United States District Court, Northern District of California, Case No. C13-2123 JCS. As a Nationwide Class Member, or as a representative, assign, heir, executor, administrator, custodian, predecessor or successor in interest to a Nationwide Class Member, you are eligible to submit a Claim Form to participate in the Settlement reached by the Parties.

In order to receive money from the Settlement, you must sign and date this Nationwide Opt In and Claim Form and return it by first-class mail, **postmarked no later than _____, 2014** to the following address:

**Benado v. Nielsen et al.**
c/o _____
[Address]

**If you fail to submit your Nationwide Opt In and Claim Form by [Date], your claim will be rejected and you will not receive any money in connection with the Settlement. If you do not submit a timely and valid Nationwide Opt In and Claim form, you will not be bound by the Settlement or the Final Approval Order and Judgment.**

III.  IF YOU DISPUTE THE INFORMATION ABOVE

If you believe the number of Individual Work Weeks listed at the top of this page is incorrect, check the box below, and send this Nationwide Opt In and Claim Form, a letter, and supporting documentation to the Settlement Administrator indicating what you believe is the correct number of Individual Work Weeks you worked from May 8, 2010 through [preliminary approval date]. The Settlement Administrator will resolve any dispute based upon Nielsen's records and any documents and information you provide. Please be advised that the number of Individual Work Weeks is presumed to be correct unless the documents you submit are company records from Nielsen.

☐ I disagree with the Individual Work Week information listed above **and** have submitted supporting documentation.

IV.  NATIONWIDE CLASS RELEASE OF CLAIMS

I hereby agree to the release of claims set forth in relevant part below:

     Upon the Payment Obligation and Class Release Date, the Nationwide Class Members who submit a timely and valid Nationwide Opt In and Claim Form will fully release the Nationwide Class Released Claims and agree not to sue or otherwise make a claim against any of the Released Parties for the Nationwide Class Released Claims. The Individual Settlement Payments shall be paid to Nationwide Class Claimants specifically in exchange for the release of the Released Parties from the Nationwide Class Released Claims and the covenant not to sue concerning the Nationwide Class Released Claims.

OHSUSA:756199793.2

The release of claims provided by this Stipulation of Settlement includes Nationwide Class Members' Nationwide Class Released Claims which a Nationwide Class Member does not know or suspect to exist in his or her favor against Defendant as of the date of Final Approval.

"Nationwide Class Released Claims" means all claims, demands, rights, liabilities and causes of action that were or could have been asserted (whether in tort, contract or otherwise) for violation of the Fair Labor Standards Act or any similar state or federal law, whether for economic damages, non-economic damages, liquidated damages, punitive damages, restitution, penalties, other monies, or other relief based on any facts, transactions, events, policies, occurrences, acts, disclosures, statements, omissions or failures to act pled in the Complaint, which are or could be the basis of claims that Defendant failed to pay wages or overtime at any time during the Nationwide Class Period.

"Released Parties" means defendants The Nielsen Company (US), LLC, Nielsen Holdings, N.V., Nielsen National Research Group, Inc., their past or present officers, directors, shareholders, employees, agents, principals, heirs, representatives, accountants, auditors, consultants, insurers and reinsurers, and their respective successors and predecessors in interest, subsidiaries, affiliates, parents and attorneys.

I have received the Notice and I submit this Nationwide Opt In and Claim Form under the terms of the proposed Settlement described in the Notice. I also submit to the jurisdiction of the United States District Court, Northern District of California with respect to my claim as a Nationwide Class Member. I understand that the full and precise terms of the proposed settlement are contained in the Stipulation of Settlement filed with the Court. I further acknowledge that I am bound by the terms of any judgment that may be entered in this Lawsuit. I agree to furnish additional information to support my claim if required to do so. If I am the executor and/or heir of a Nationwide Class Member or a representative of a Nationwide Class Member, I have provided appropriate documentation about the capacity in which I am submitting this Nationwide Opt In and Claim Form on separate sheets attached.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information is true and accurate, that I have read and understand the Notice that was mailed with this Nationwide Opt In and Claim Form, and agree to abide by the terms of the Notice and this Nationwide Opt In and Claim Form.

Dated: _____               _____
                                                (Signature)

# EXHIBIT 1-3

**IMPORTANT LEGAL NOTICE**

UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY BENADO, individually, and on behalf of all others similarly situated,<br><br>                Plaintiff,<br>v.<br><br>THE NIELSEN COMPANY (US) LLC, ET AL.,<br><br>                Defendants. | CASE NO.: C13-2123 JCS<br><br>**NOTICE OF (1) PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; (2) FINAL APPROVAL HEARING; (3) CALIFORNIA CLASS MEMBERS' RIGHT TO OBJECT OR REQUEST EXCLUSION; AND (4) REQUIREMENT TO RETURN A CLAIM FORM TO RECEIVE A MONETARY PAYMENT FROM THE SETTLEMENT**<br><br>**THIS NOTICE AFFECTS YOUR RIGHTS - PLEASE READ IT CAREFULLY.** |

TO:    ALL CURRENT AND FORMER EMPLOYEES OF THE NIELSEN COMPANY WHO HELD A POSITION THAT INCLUDES THE WORDS "MEMBERSHIP REPRESENTATIVE" IN CALIFORNIA AT ANY TIME BETWEEN MAY 8, 2009 AND [PRELIMINARY APPROVAL DATE] (THE "CALIFORNIA CLASS"), AND ALL CURRENT AND FORMER EMPLOYEES OF THE NIELSEN COMPANY WHO HELD A POSITION THAT INCLUDES THE WORDS "MEMBERSHIP REPRESENTATIVE" IN THE UNITED STATES (EXCEPT CALIFORNIA) AT ANY TIME BETWEEN MAY 8, 2010 AND [PRELIMINARY APPROVAL DATE] (THE "NATIONWIDE CLASS") (COLLECTIVELY, THE CALIFORNIA CLASS AND THE NATIONWIDE CLASS ARE "CLASS MEMBERS"):

YOU ARE HEREBY NOTIFIED that a proposed class settlement (the "Settlement") of the above-captioned purported class action ("the Lawsuit") filed in the United States District Court, Northern District of California ("the Court") has been reached by the Parties and has been granted Preliminary Approval by the Court. The proposed Settlement will resolve all class claims in this Lawsuit. The Court has ordered that this Notice be sent to you because you may be a Class Member. The purpose of this Notice is to inform you of the Settlement of this Lawsuit and your legal rights under the Settlement.

**You must return the attached California Claim Form or Nationwide Opt In and Claim Form, postmarked by _____, 2014, to receive money from the Settlement. If you fail to file a timely California Claim Form or Nationwide Opt In and Claim Form, you will receive no payment under the Settlement and, if you are a California Class Member, you will be bound by the other provisions of the Stipulation of Settlement approved by the Court unless you request exclusion from the California Class. An estimate of your Individual Settlement Payment can be found on the attached claim form.**

**SUMMARY OF CASE**

      1.      Plaintiff Tony Benado ("Plaintiff") filed a complaint against The Nielsen Company (US), LLC, Nielsen Holdings N.V. and Nielsen National Research Group, Inc. (collectively "Nielsen") on May 8, 2013, on behalf of himself and other employees in this Court. The Lawsuit alleges, among other things, that the Class Members are owed compensation for overtime hours worked, meal periods, rest breaks, and inaccurate itemized wage statements, and related penalties. The Lawsuit seeks damages for lost wages, interest, penalties, injunctive relief, attorneys' fees and expenses.

2.      The Lawsuit includes claims under the California Labor Code, related Wage Orders of the Industrial Welfare Commission, the Fair Labor Standards Act, the California Private Attorney Generals Act, and California Business and Professions Code Section 17200 *et seq.*

3.      After extensive investigation and an exchange of relevant information, the Parties agreed to enter into private mediation to try and resolve the claims.  The Parties attended mediation on November 18, 2013, and thereafter reached the Stipulation of Settlement that is on file with the Court, and the terms of which are summarized in this Notice.

4.      You have received this Notice because Nielsen's records show you are or were employed as a Class Member and your rights may be affected by this Settlement.

## POSITIONS OF THE PARTIES AND REASONS FOR SETTLEMENT

5.      Nielsen contends that all of its employees have been compensated in compliance with the law, and that its conduct was not willful with respect to any alleged failure to properly calculate or pay any wages (including but not limited to overtime wages or otherwise), provide certain breaks, or provide accurate itemized wage statements.  Nielsen has denied and continues to deny each of the claims and contentions Plaintiff alleges in the Lawsuit.  Nielsen denies any wrongdoing or legal liability arising out of any of the facts or conduct alleged in the Lawsuit, and believes that it has valid defenses to Plaintiff's claims.  Although Nielsen believes it has meritorious defenses to the Lawsuit, Nielsen has concluded that the further defense of this Lawsuit would be lengthy and expensive for all Parties.  Nielsen has, therefore, agreed to settle this Lawsuit in the manner and upon the terms set forth in the proposed Settlement to put to rest all claims that are or could have been asserted against it in the Lawsuit.  Neither the proposed Settlement nor any action taken to carry out the proposed Settlement is, may be construed as, or may be used as an admission, concession or indication by or against Nielsen of any fault, wrongdoing or liability whatsoever.

6.      Counsel for the Plaintiff ("Class Counsel") has extensively investigated and researched the facts and circumstances underlying the issues raised in the Lawsuit, and the applicable law.  Class Counsel recognizes the expense and length of continued proceedings necessary to continue the Lawsuit against Nielsen through trial and through any possible appeals, the uncertainty and the risk of the outcome of further litigation, including the risk that the classes might not be certified in light of Nielsen's opposition to certification as well as the difficulties and delays generally inherent in such litigation, the burdens of proof necessary to establish liability for the claims, of Nielsen's defenses, and of the difficulties in establishing damages for the Class Members.  Class Counsel has also taken into account the settlement negotiations conducted by the Parties.  Class Counsel believes the proposed Settlement is fair, adequate and reasonable and in the best interests of the Class Members.

7.      The Court has made no ruling on the merits of the Class Members' claims and has determined only that certification of the Class for settlement purposes is appropriate under the law.

## PRELIMINARY APPROVAL OF THE SETTLEMENT

8.      On [date of preliminary approval], the Court held a Preliminary Approval hearing during which it preliminarily certified the California Class and Nationwide Class for the purposes of Settlement.

9.      At the Preliminary Approval hearing, the Court conditionally appointed the following attorneys as Class Counsel to represent the Class Members in this Lawsuit:

Chad Saunders and Eric Barba
HOFFMAN LIBENSON SAUNDERS & BARBA
300 Lakeside Drive, Suite 1000

Oakland, CA 94612
Tel: (510) 763-5700

### SUMMARY OF SETTLEMENT TERMS

10.    Settlement Amount.  The Stipulation of Settlement provides that Nielsen will pay up to $1,200,000.00 (the "Maximum Settlement Amount") to fully resolve the claims in the Lawsuit.

(a)    Deductions.  The following deductions will be made from the Maximum Settlement Amount:

(i)    Settlement Administration.  The Court has tentatively approved a payment of up to $20,000.00 to the Settlement Administrator, Rust Consulting, Inc., for the costs incurred in notifying the Class Members and processing claims.

(ii)    Attorneys' Fees and Expenses.  Class Counsel will ask the Court to approve a Fee and Expense Award of up to $300,000.00, plus reimbursement of the reasonable litigation expenses Class Counsel has incurred not to exceed $10,000.00.  Class Counsel has prosecuted the Lawsuit on behalf of the Class Members on a contingency fee basis (that is, without being paid to date) while advancing litigation costs and expenses.  The Fee and Expense Award will constitute full compensation for all legal fees and expenses of Class Counsel in the Lawsuit, including any work they do in the future.  Class Members are not personally responsible for any fees or expenses.

(iii)    Service Payment to Named Plaintiff.  Class Counsel will also ask the Court to approve a Service Payment in the amount of $5,000.00 for Named Plaintiff Tony Benado for acting as the representative on behalf of the Class Members and spending time assisting with the lawsuit, which was not required of other Class Members.

(iv)    PAGA Payment. A payment of $5,000.00 shall be paid to California's Labor and Workforce Development Agency to pay the government portion of any penalties allocated under California Labor Code's Private Attorneys General Act of 2004 ("PAGA"), as amended, California Labor Code sections 2699, 2699.3, and 2699.5.

(b)    Payment to Class Members: Plan of Allocation.  The balance of the Maximum Settlement Amount after the deductions described above is the "Net Settlement Proceeds".  The Net Settlement Proceeds are estimated to be $860,000.00.  Class Members who submit a timely and valid California Claim Form or Nationwide Opt In and Claim Form ("Claimants") will receive an Individual Settlement Payment.  The Individual Settlement Payments will be calculated on the basis of the number of weeks of employment as a California Class Member or Nationwide Class Member as reflected by Nielsen's corporate and business records, not including leaves of absence ("Individual Work Weeks").

The Individual Settlement Payments for the Claimants in the California Class will be calculated by multiplying one third of the Net Settlement Proceeds by each California Class Member's California Percentage Share.  The "California Percentage Share" is each California Class Member's Individual Work Weeks divided by the total work weeks for the California Class.  If, however, the total of the Individual Settlement Payments to the Claimants in the California Class is less than 70% of the portion of the Net Settlement Proceeds allocated to the California Class, a portion of the remaining amount, up to 70% of the Net Settlement Proceeds allocated to the California Class, will be proportionately divided among and added to the payment to the California Class Claimants.

The Individual Settlement Payments for the Claimants in the Nationwide Class will be calculated by multiplying two thirds of the Net Settlement Proceeds by each Nationwide Class Member's Nationwide Percentage Share. The "Nationwide Percentage Share" is each Nationwide Class Member's Individual Work Weeks divided by the total work weeks for the Nationwide Class.

(c) Tax Matters. For tax purposes, fifty percent (50%) of each Claimant's Individual Settlement Payment shall be treated as settlement for wage claims, which will be subject to required tax withholdings, and reported on an IRS W-2, and fifty percent (50%) shall be treated as settlement for liquidated damages, interest and/or penalties, which will be paid without withholding any amount, and reported on a Form 1099. You should consult with your tax advisors concerning the tax consequences of the payments they receive under the Settlement.

11. California Class Released Claims. If approved by the Court, the Settlement will bar any California Class Member who does not timely request exclusion from the Lawsuit from bringing certain claims against Nielsen described below. The Stipulation of Settlement contains the following provisions regarding the release of claims by California Class Members:

Upon the Payment Obligation and Class Release Date, the California Class Members (other than those who submit a timely and valid Exclusion Letter) will fully release the California Class Released Claims and agree not to sue or otherwise make a claim against any of the Released Parties for the California Class Released Claims. The Individual Settlement Payments shall be paid to Claimants specifically in exchange for the release of the Released Parties from the California Class Released Claims and the covenant not to sue concerning the California Class Released Claims.

"California Class Released Claims" means all claims, demands, rights, liabilities and causes of action that were or could have been asserted (whether in tort, contract or otherwise) for violation of the California Labor Code, the California Business and Professions Code, the Private Attorneys General Act ("PAGA"), the applicable Industrial Welfare Commission Orders, the Fair Labor Standards Act, or any similar state or federal law, whether for economic damages, non-economic damages, liquidated damages, punitive damages, restitution, penalties, other monies, or other relief based on any facts, transactions, events, policies, occurrences, acts, disclosures, statements, omissions or failures to act pled in the Complaint, which are or could be the basis of claims that Defendant failed to pay wages or overtime, failed to provide accurate itemized wage statements, failed to provide meal or rest breaks, or compensation in lieu thereof, committed record-keeping violations, failed to pay timely pay or final pay, or engaged in unfair business practices at any times during the California Class Period.

"Released Parties" means defendants The Nielsen Company (US), LLC, Nielsen Holdings, N.V., Nielsen National Research Group, Inc., their past or present officers, directors, shareholders, employees, agents, principals, heirs, representatives, accountants, auditors, consultants, insurers and reinsurers, and their respective successors and predecessors in interest, subsidiaries, affiliates, parents and attorneys.

The California Class Released Claims includes California Class Members' California Class Released Claims which a California Class Member does not know or suspect to exist in his or her favor against Defendant as of the date of Final Approval. Each California Class Member, including the Plaintiff, waives all rights and benefits afforded by section 1542 of the California Civil Code as to their California Class Released Claims, and does so understanding the significance of that waiver. Section 1542 provides: A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

12.   <u>Nationwide Class Released Claims</u>. If approved by the Court, the Settlement will bar any Nationwide Class Member who submits a timely and valid Nationwide Opt In and Claim Form from bringing certain claims against Nielsen described below.  The Stipulation of Settlement contains the following provisions regarding the release of claims by Nationwide Class Members:

Upon the Payment Obligation and Class Release Date, the Nationwide Class Members who submit a timely and valid Nationwide Opt In and Claim Form will fully release the Nationwide Class Released Claims and agree not to sue or otherwise make a claim against any of the Released Parties for the Nationwide Class Released Claims.  The Individual Settlement Payments shall be paid to Nationwide Class Claimants specifically in exchange for the release of the Released Parties from the Nationwide Class Released Claims and the covenant not to sue concerning the Nationwide Class Released Claims.

The release of claims provided by this Stipulation of Settlement includes Nationwide Class Members' Nationwide Class Released Claims which a Nationwide Class Member does not know or suspect to exist in his or her favor against Defendant as of the date of Final Approval.

"Nationwide Class Released Claims" means all claims, demands, rights, liabilities and causes of action that were or could have been asserted (whether in tort, contract or otherwise) for violation of the Fair Labor Standards Act or any similar state or federal law, whether for economic damages, non-economic damages, liquidated damages, punitive damages, restitution, penalties, other monies, or other relief based on any facts, transactions, events, policies, occurrences, acts, disclosures, statements, omissions or failures to act pled in the Complaint, which are or could be the basis of claims that Defendant failed to pay wages or overtime at any time during the Nationwide Class Period.

"Released Parties" means defendants The Nielsen Company (US), LLC, Nielsen Holdings, N.V., Nielsen National Research Group, Inc., their past or present officers, directors, shareholders, employees, agents, principals, heirs, representatives, accountants, auditors, consultants, insurers and reinsurers, and their respective successors and predecessors in interest, subsidiaries, affiliates, parents and attorneys.

13.   <u>Conditions of Settlement</u>.  This Settlement is conditioned upon the Court entering an order at or following the Final Approval hearing approving the Settlement as fair, reasonable, adequate and in the best interests of the Class Members.

**PROCEDURE FOR SEEKING MONETARY RECOVERY**

14.   **If you want to receive money under the Settlement, you must sign and date the enclosed California Claim Form or Nationwide Opt In and Claim Form and mail the completed claim form postmarked by _____, 2014 to the Settlement Administrator at the following address.**

**Benado v. Nielsen**
c/o _____
[Address]

A copy of your applicable claim form is enclosed.  (If you need an extra copy, contact the Settlement Administrator at the address or telephone number above).  If any information provided on the claim form is incorrect, please make corrections.  For example, if your address is incorrect, please indicate your correct address. Also, please provide your telephone number and any other requested information if it is not already filled in.  If you wish to have confirmation that the Settlement Administrator has received your claim form,

please send your claim form to the Settlement Administrator by certified U.S. Mail with a return-receipt request.

The enclosed applicable claim form lists your total number of Individual Work Weeks as a California Class Member or Nationwide Class Member. If you believe the number of Individual Work Weeks listed on the claim form is incorrect, follow the instructions on the claim form for disputing the Individual Work Weeks. Your Individual Settlement Payment may increase or decrease depending on any disputes submitted by you or any other Class Members.

15.     Any Class Member who does not submit a timely and valid California Claim Form or Nationwide Opt In and Claim Form will not receive any payment from the Settlement. If you do nothing, that is, if you do not mail a timely claim form, you will not be entitled to an Individual Settlement Payment.

16.     If you are a Nationwide Class Member and do nothing, that is, if you do not mail a timely claim form, you will not be bound by terms of this Settlement and Nationwide Class Release of Claims described in paragraph 12.

17.     If you are a California Class Member and you do not exclude yourself from the Settlement in the manner described in paragraph 18 below, you will be bound by all of the provisions of the Settlement, including a release of the California Class Released Claims that will prevent you from separately suing any of the Released Parties for the California Class Released Claims. However, if you exclude yourself from the Settlement, you will not be bound by the terms of this Settlement and California Release of Claims described in paragraph 11.

### CALIFORNIA CLASS MEMBERS: PROCEDURE FOR EXCLUDING YOURSELF FROM THE SETTLEMENT

18.     California Class Members may exclude themselves from the Lawsuit by submitting a written Exclusion Letter to the Settlement Administrator at the address listed in paragraph 14, above, on or before _____, 2014. To opt out, your Exclusion Letter must include your name and signature, and the following statement or something similar to "I request to be excluded from the class action proceedings taking place in the matter of *Benado v. The Nielsen Company (et al.)*, United States District Court, Northern District of California, Case No. C13-2123 JCS." Exclusion Letters that do not include all required information, or that are not submitted timely, will be disregarded. California Class Members who submit valid and timely Exclusion Letters will not receive an Individual Settlement Payment and will not be bound by the Settlement or the Final Approval Order and Judgment.

### CALIFORNIA CLASS MEMBERS: PROCEDURE FOR OBJECTING TO THE SETTLEMENT

19.     If you are a California Class Member and believe that the Settlement should not be finally approved by the Court for any reason, you must file a written objection stating the basis of your objection. The objection must be filed in the United States District Court, Northern District of California, at 450 Golden Gate Avenue, San Francisco, CA 94102, on or before _____, 2014. You must also at the same time mail copies of your objection to both Class Counsel and Nielsen's Counsel at the addresses below.

| Class Counsel | Nielsen's Counsel |
|---|---|
| Chad Saunders and Eric Barba | Jessica R. Perry |
| HOFFMAN LIBENSON SAUNDERS & BARBA | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| 300 Lakeside Drive, Suite 1000 | 1000 Marsh Road |
| Oakland, CA 94612 | Menlo Park, CA  94025-1015 |
| Tel: (510) 763-5700 | Tel:  (650) 614-7400 |

20.     You may also appear at the Final Approval Hearing scheduled for __:00 a.m. on _____, 2014, in Courtroom G of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, to have your objection heard by the Court.  Objections not previously filed in writing in a timely manner as described above will not be considered by the Court.  Any attorney who intends to represent a California Class Member objecting to the Settlement must file a notice of appearance with the Court and serve counsel for all Parties on or before _____, 2014.  All objections or other correspondence must state the name and number of the case, which is <u>Benado v. Nielsen et al.</u>, Case No. C13-2123 JCS.  If you are a California Class Member and object to the Settlement, you will remain a member of the California Class, and if the Court approves the Settlement, you will be bound by the terms of the Settlement in the same way as California Class Members who do not object.

21.     Any member of the California Class who does not object in the manner provided above shall be deemed to have approved the Settlement and to have waived such objections and shall be forever foreclosed from making any objections (by appeal or otherwise) to the Settlement.

22.     Any member of the California Class who is satisfied with the Settlement need not appear at the Final Approval hearing.

### EXAMINATION OF THE SETTLEMENT DOCUMENTS

23.     This Notice is only a summary of the Lawsuit and the Settlement.  For a more detailed statement of the matters involved in the Lawsuit and the Settlement, including Plaintiff's Motion for Preliminary Approval of Class Action Settlement, Plaintiff's Motion for Attorneys' Fees and Costs, and Plaintiffs' Motion for Final Approval of Class Action Settlement, you may examine the documents in person at the United States District Court for the Northern District of California, San Francisco Division, located at 450 Golden Gate Avenue, San Francisco, California 94102.  You may also review the above-mentioned documents on the Class Counsel's website: www.hlsblaw.com.

### HEARING ON THE SETTLEMENT

24.     **You are not required to attend the Final Approval hearing.**

25.     The Final Approval hearing on the adequacy, reasonableness and fairness of the Settlement will be held at __:00 a.m. on _____, 2014, in Courtroom G of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102.  The hearing date may be changed without further notice; however, you can contact the Clerk of the Court to find out if the hearing date has changed.

### CHANGE OF ADDRESS

26.     If you move after receiving this Notice, if it was misaddressed, or if for any reason you want your payment or future correspondence concerning this Lawsuit and the Settlement to be sent to a different address, you should send your current preferred address to the Settlement Administrator.

### ADDITIONAL INFORMATION

27.     If you are a representative, assign, heir, executor, administrator, custodian, predecessor or successor in interest to a Class Member and wish to file a California Claim Form or Nationwide Opt-in and Claim Form, you should contact Class Counsel or the Settlement Administrator for further information about the documentation you must provide regarding the capacity in which you are submitting a California Claim Form or Nationwide Opt-in and Claim Form.

28.    All inquiries by Class Members regarding this Notice and/or the Settlement should be directed to the Settlement Administrator or Class Counsel (see contact information above).

**PLEASE DO NOT CONTACT THE CLERK OF THE COURT, THE JUDGE, NIELSEN OR NIELSEN'S ATTORNEYS WITH INQUIRIES.**

DATED: _____, 2014            BY ORDER OF THE COURT
                                             HON. JOSEPH C. SPERO
                                             UNITED STATES DISTRICT COURT
                                             NORTHERN DISTRICT OF CALIFORNIA

# EXHIBIT 1-4

1    LYNNE C. HERMLE (STATE BAR NO. 99779)
     JESSICA R. PERRY (STATE BAR NO. 209321)
2    JULIA C. RIECHERT (STATE BAR NO. 254078)
     LINDSEY C. HULSE (STATE BAR NO. 258514)
3    ORRICK, HERRINGTON & SUTCLIFFE LLP
     1000 Marsh Road
4    Menlo Park, California 94025
     Telephone:    650-614-7400
5    Facsimile:    650-614-7401

6    Attorneys for Defendants
     The Nielsen Company (US), LLC, Nielsen Holdings
7    N.V., and Nielsen National Group, Inc.

8    CHAD A. SAUNDERS (STATE BAR NO. 257810)
     ERIC BARBA (STATE BAR NO. 277932)
9    HOFFMAN LIBENSON SAUNDERS & BARBA
     300 Lakeside Drive, Suite 1000
10   Oakland, California 94612
     Telephone:    510-763-5700
11   Facsimile:    510-835-1417

12   Attorneys for Plaintiff
     Tony Benado

13

14                 UNITED STATES DISTRICT COURT

15            NORTHERN DISTRICT OF CALIFORNIA

16                 SAN FRANCISCO DIVISION

17

18   TONY BENADO, individually and on behalf     Case No. C13-2123 JCS
     of all others similarly situated,
19                           **[PROPOSED] ORDER GRANTING**
                     Plaintiff,           **PRELIMINARY APPROVAL OF**
20                           **CLASS ACTION SETTLEMENT**
21          v.

     The Nielsen Company (US), LLC, Nielsen
22   Holdings N.V., and Nielsen National Research
     Group, Inc.,
23
                Defendants.
24

25

26

27

28

OHSUSA:756978437.1                                 [PROPOSED] ORDER GRANTING PRELIMINARY
                                           APPROVAL OF CLASS ACTION SETTLEMENT
                                                        C13-2123 JCS

On May 8, 2013, Plaintiff Tony Benado ("Plaintiff") filed a complaint against The Nielsen Company (US), LLC, Nielsen Holdings, N.V., and Nielsen National Research Group, Inc. ("Defendants") on behalf of himself and other employees. Plaintiff alleges, among other things, that employees are owed compensation for overtime hours worked, meal periods, rest breaks, and inaccurate itemized wage statements, and related penalties. The lawsuit seeks damages for lost wages, interest, penalties, injunctive relief, and attorneys' fees and expenses. Defendants denied all of Plaintiff's claims.

After initial exchanges of information, the Parties entered into private mediation before respected neutral mediator Mark Rudy, Esq. to try and resolve the claims. As a result of that mediation on November 18, 2013, and under the auspices of Mr. Rudy, the Parties reached a settlement. In March 2014, Plaintiff and Defendants executed the Stipulation of Settlement and Release ("Stipulation of Settlement"), setting forth the terms of the Settlement.

A preliminary hearing was held before this Court on _____, for the purpose of determining, among other things, whether the proposed Stipulation of Settlement was within the range of possible approval and whether notice to the Class of its terms and conditions, and the scheduling of a formal fairness hearing, also known as a final approval hearing, will be appropriate. Appearing at the hearing was counsel for Orrick, Herrington & Sutcliffe LLP on behalf of Defendants; and counsel for Hoffman, Libenson, Saunders & Barba on behalf of Plaintiff and the Class Members.

Having reviewed the papers and documents presented, having heard the statements of counsel, having considered the matter, and having made findings and rulings at the hearing, the Court HEREBY ORDERS as follows:

1.      The Court hereby GRANTS Preliminary Approval of the terms and conditions contained in the Stipulation of Settlement. The Court preliminarily finds that the terms of the Stipulation of Settlement appear to be within the range of possible approval, pursuant to Federal Rule of Civil Procedure 23 and applicable law.

2.      The Court finds on a preliminary basis that: (1) the settlement amount is fair and

[PROPOSED] ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
C13-2123 JCS

reasonable to the Class Members when balanced against the probable outcome of further litigation relating to class certification, liability and damages issues, and potential appeals; (2) significant informal discovery, investigation, research, and litigation have been conducted such that counsel for the Parties at this time are able to reasonably evaluate their respective positions; (3) settlement at this time will avoid substantial costs, delay, and risks that would be presented by the further prosecution of the litigation; and (4) the proposed Settlement has been reached as the result of intensive, serious, and non-collusive negotiations between the Parties.  Accordingly, the Court preliminarily finds that the Stipulation of Settlement was entered into in good faith.

3.      The Court hereby GRANTS conditional certification of the provisional California Class and Nationwide Class, in accordance with the Stipulation of Settlement, for the purposes of this Settlement only.  The California Class is defined as "all current or former employees of Defendants who held a position that includes the words 'Membership Representative' in California from May 8, 2009 through the date of Preliminary Approval" and the Nationwide Class is defined as "all current or former employees of Defendants who held a position that includes the words 'Membership Representative' in the United States (except California) from May 8, 2010 through the date of Preliminary Approval."

4.      The Court hereby authorizes the retention of Rust Consulting, Inc. as Settlement Administrator for the purpose of the Settlement.

5.      The Court hereby conditionally finds that Hoffman, Libenson, Saunders & Barba may act as counsel for the Class, and that Plaintiff Tony Benado may act as class representative for the Class.

6.      The Court hereby APPROVES the Notice of (1) Preliminary Approval of Class Action Settlement; (2) Final Approval Hearing; (3) California Class Members' Right to Object or Request Exclusion; and (4) Requirement to Return a Claim Form to Receive a Monetary Payment from the Settlement (the "Notice"), attached to the Stipulation of Settlement as Exhibit 3.  The Court finds that the Notice, along with the related notification procedure contemplated by the Stipulation of Settlement, constitute the best notice practicable under the circumstances and are in

[PROPOSED] ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
C13-2123 JCS

full compliance with the applicable laws and the requirements of due process. The Court further finds that the Notice appears to fully and accurately inform the Class Members of all material elements of the proposed Stipulation of Settlement, of the California Class Members' right to be excluded from the Settlement, and of each California Class Member's right and opportunity to object to the Settlement. Subject to the terms of the Stipulation of Settlement, the Notice shall be mailed via first-class mail to the most recent known address of each Class Member within the timeframe specified in the Stipulation of Settlement.

7. The Court hereby APPROVES the proposed procedure for California Class Member exclusion from the Settlement, which is to submit a written statement requesting exclusion to the Settlement Administrator no later than sixty (60) days following the date on which the Settlement Administrator first mails the Notice and California Claim Forms to California Class Members. Any California Class Member who submits a valid and timely request for exclusion shall not be a Member of the California Class, shall be barred from participating in the Settlement and shall receive no benefit from the Settlement.

8. The Court hereby APPROVES the proposed California Claim Form and Nationwide Opt In and Claim Form for use in administering the Settlement, attached to the Stipulation of Settlement as Exhibits 1 and 2. The applicable claim forms must be mailed to Class Members along with the Notice. Subject to the terms of the Stipulation of Settlement, Class Members must sign, date and return completed claim forms to the Settlement Administrator postmarked no later than sixty (60) days following the date on which the Settlement Administrator first mails the Notice Packets to Class Members in order to receive a monetary payment.

9. The Court further ORDERS that Class Counsel shall file a motion for approval of the Fee and Expense Award and the Service Payment, with the appropriate declarations and supporting evidence, by _____, to be heard at the same time as the motion for Final Approval of the Settlement.

10. The Court further ORDERS that Class Counsel shall file a motion for Final

OHSUSA:756978437.1

[PROPOSED] ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
C13-2123 JCS

Approval of the Settlement, with the appropriate declarations and supporting evidence, including a declaration setting forth the identity of any California Class Members who request exclusion from the Settlement, by _____.

11.     The Court further ORDERS that each California Class Member shall be given a full opportunity to object to the proposed Settlement and request for attorneys' fees, and to participate at a Final Approval Hearing, which the Court sets to commence on _____ at _____ in Courtroom G of the United States District Court, Northern District of California, San Francisco Division.  Any California Class Member seeking to object to the proposed Settlement shall file such objection in writing with the Court and shall serve such objection on Class Counsel and Defendant's Counsel no later than sixty (60) days following the date on which the Settlement Administrator first mails the Notice Packets to Class Members.  In addition, any attorney who intends to represent a California Class Member objecting to the Settlement must file a notice of appearance with the Court and serve counsel for all Parties no later than sixty (60) days following the date on which the Settlement Administrator first mails the Notice Packets to Class Members. Any California Class Member who fails to file and serve these materials shall be foreclosed from objecting to the proposed Settlement, unless otherwise ordered by the Court.

12.     The Court further ORDERS that, pending further order of this Court, all proceedings in this Lawsuit, except those contemplated herein and in the Stipulation of Settlement, are stayed.

13.     The Court further ORDERS that to facilitate administration of this Settlement, all California Class Members are hereby enjoined from filing or prosecuting any claims, cases, suits or administrative proceedings (including filing or pursuing claims with the California Division of Labor Standards Enforcement) regarding claims released by the Settlement unless and until such California Class Members have submitted valid and timely Exclusion Letters with the Settlement Administrator.

14.     If the Court grants Final Approval of the Settlement and enters judgment, California Class Members and their successors shall conclusively be deemed to have given a

release, as set forth in the Stipulation of Settlement Agreement and Notice Packet, against the Released Parties, and all California Class Members and their successors shall be permanently enjoined and forever barred from asserting any claim covered by the California Class Released Claims.  Likewise, if the Court grants Final Approval of the Settlement and enters judgment, Nationwide Class Claimants and their successors shall conclusively be deemed to have given a release, as set forth in the Stipulation of Settlement Agreement and Notice Packet, against the Released Parties, and all Nationwide Class Claimants and their successors shall be permanently enjoined and forever barred from asserting any claim covered by the Nationwide Class Released Claims.

15.     If for any reason the Court does not execute and file a Final Approval Order and Judgment, the proposed Settlement subject to this Order and all evidence and proceedings had in connection with the Settlement shall be null and void.

16.     The Court may, for good cause, extend any of the deadlines set forth in this Order or adjourn or continue the final approval hearing without further notice to the Class.

IT IS SO ORDERED.


Dated: _____, 2014        _____

                                       HON. JOSEPH C. SPERO

# EXHIBIT 1-5

1  LYNNE C. HERMLE (STATE BAR NO. 99779)
   JESSICA R. PERRY (STATE BAR NO. 209321)
2  JULIA C. RIECHERT (STATE BAR NO. 254078)
   LINDSEY C. HULSE (STATE BAR NO. 258514)
3  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
4  Menlo Park, California 94025
   Telephone:    650-614-7400
5  Facsimile:    650-614-7401

6  Attorneys for Defendants
   The Nielsen Company (US), LLC, Nielsen Holdings
7  N.V., and Nielsen National Group, Inc.

8  CHAD A. SAUNDERS (STATE BAR NO. 257810)
   ERIC BARBA (STATE BAR NO. 277932)
9  HOFFMAN LIBENSON SAUNDERS & BARBA
   300 Lakeside Drive, Suite 1000
10 Oakland, California 94612
   Telephone:    510-763-5700
11 Facsimile:    510-835-1417

12 Attorneys for Plaintiff
   Tony Benado

13

14                    UNITED STATES DISTRICT COURT

15                  NORTHERN DISTRICT OF CALIFORNIA

16                      SAN FRANCISCO DIVISION

17

18 TONY BENADO, individually and on behalf     Case No. C13-2123 JCS
   of all others similarly situated,
19                                              **[PROPOSED] ORDER GRANTING**
                    Plaintiff,                  **FINAL APPROVAL OF CLASS**
20                                              **ACTION SETTLEMENT**
            v.
21
   The Nielsen Company (US), LLC, Nielsen
22 Holdings N.V., and Nielsen National Research
   Group, Inc.,
23
                    Defendants.
24

25

26

27

28

[PROPOSED] ORDER GRANTING FINAL APPROVAL
OF CLASS ACTION SETTLEMENT
C13-2123 JCS

The Court has before it Plaintiff Tony Benado's unopposed motions for 1) final approval of a proposed class action settlement and 2) attorneys' fees and costs. After reviewing the Motion for Final Approval and the Stipulation of Settlement and Release ("Stipulation of Settlement") filed with the Court, the Court hereby finds and orders as follows:

1.     This Court has jurisdiction over the claims the Class Members asserted in this proceeding and over all parties to the action.

2.     The Court finds that _____ California Class Members have objected to the Settlement and _____ California Class Members have requested exclusion from the Settlement. Nearly _____% of the California Class Members has filed timely and valid Claim Forms. Nearly _____% of the Nationwide Class Members has filed timely and valid Nationwide Opt In and Claim Forms.

3.     For the reasons set forth in the Preliminary Approval Order and in the transcript of the Final Approval hearing, which are adopted and incorporated herein by reference, this Court finds that the applicable requirements of Federal Rule of Civil Procedure 23 have been satisfied with respect to the Class and the proposed Settlement. The Court hereby makes final its earlier provisional certification of the California Class and Nationwide Class, as set forth in the Preliminary Approval Order. The Court finds that the Settlement is fair, adequate, and reasonable, and falls within the range of reasonableness.

4.     The Notice given to the Class Members fully and accurately informed the Class Members of all material elements of the proposed Settlement and of the California Class Members' opportunity to object to or comment thereon; was the best notice practicable under the circumstances; was valid, due, and sufficient notice to all Class Members; and complied fully with the Federal Rules of Civil Procedure, the United States Constitution, due process, and other applicable law. The Notice fairly and adequately described the Settlement and provided Class Members adequate instructions and means to obtain additional information. A full opportunity has been afforded to the Class Members to participate in the final approval hearing, and all Class Members and other persons wishing to be heard have been heard. Accordingly, the Court

determines that all California Class Members who did not timely and properly execute a request for exclusion and all Nationwide Class Members who timely filed a Nationwide Opt In and Claim Form are bound by this Order and the Judgment.

5.      The Court hereby grants final approval to the Settlement and finds it reasonable and adequate, and in the best interests of the Class as a whole. Accordingly, the Court hereby directs that the Settlement be effected in accordance with the Stipulation of Settlement and the following terms and conditions:

        a.      It is hereby ordered that the Settlement Administrator shall pay the Individual Settlement Payments pursuant to the method of calculation set forth in the Stipulation of Settlement.

        b.      It is hereby ordered that the that the Settlement Administrator shall pay the Service Payment of $5,000.00 to Named Plaintiff Tony Benado because the Court finds the Service Payment is fair and reasonable for the work he provided to the Class and Class Counsel.

        c.      It is hereby ordered that the Settlement Administrator shall pay the Fee and Expense Award of $300,000.00, plus up to $10,000.00 in actual costs, to Class Counsel because Class Counsel's request falls within the range of reasonableness and the result achieved justified the award. Class Counsel's actual expenses in prosecuting this Lawsuit are hereby approved as reasonably incurred.

        d.      It is hereby ordered that the Settlement Administrator shall pay the PAGA Payment of $5,000.00 as set forth in the Stipulation of Settlement.

        e.      It is hereby ordered that the Settlement Administrator shall be paid Administration Costs of $20,000.00 as set forth in the Stipulation of Settlement.

6.      With this final approval of the Settlement, it is hereby ordered that all claims that are released as set forth in the Stipulation of Settlement are hereby barred.

      IT IS SO ORDERED.

OHSUSA:756978427.1

[PROPOSED] ORDER GRANTING FINAL APPROVAL
OF CLASS ACTION SETTLEMENT
C13-2123 JCS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated: _____, 2014            _____

HON. JOSEPH C. SPERO

OHSUSA:756978427.1

[PROPOSED] ORDER GRANTING FINAL APPROVAL
OF CLASS ACTION SETTLEMENT
C13-2123 JCS

# EXHIBIT 1-6

1   LYNNE C. HERMLE (STATE BAR NO. 99779)
    JESSICA R. PERRY (STATE BAR NO. 209321)
2   JULIA C. RIECHERT (STATE BAR NO. 254078)
    LINDSEY C. HULSE (STATE BAR NO. 258514)
3   ORRICK, HERRINGTON & SUTCLIFFE LLP
    1000 Marsh Road
4   Menlo Park, California  94025
    Telephone:    650-614-7400
5   Facsimile:    650-614-7401

6   Attorneys for Defendants
    The Nielsen Company (US), LLC, Nielsen Holdings
7   N.V., and Nielsen National Group, Inc.

8   CHAD A. SAUNDERS (STATE BAR NO. 257810)
    ERIC BARBA (STATE BAR NO. 277932)
9   HOFFMAN LIBENSON SAUNDERS & BARBA
    300 Lakeside Drive, Suite 1000
10  Oakland, California 94612
    Telephone:    510-763-5700
11  Facsimile:    510-835-1417

12  Attorneys for Plaintiff
    Tony Benado
13

14              UNITED STATES DISTRICT COURT

15            NORTHERN DISTRICT OF CALIFORNIA

16               SAN FRANCISCO DIVISION

17

18  TONY BENADO, individually and on behalf       Case No. C13-2123 JCS
    of all others similarly situated,
19                                                 **[PROPOSED] JUDGMENT**
                    Plaintiff,
20
           v.
21
    The Nielsen Company (US), LLC, Nielsen
22  Holdings N.V., and Nielsen National Research
    Group, Inc.,
23
                    Defendants.
24

25

26

27

28

1       Plaintiff's motion for final approval of the proposed class action settlement and attorneys'

2  fees and costs came on for hearing on _____ in the above-captioned Court, the Hon.

3  Joseph C. Spero presiding.  The Court having previously granted preliminary approval of the

4  proposed class action settlement on _____, the parties having fully briefed the issues

5  regarding final approval and attorneys' fees and costs, the case having been heard, and the Court

6  having granted final approval of the settlement,

7       IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

8       Judgment is entered on the terms set forth in the Order Granting Final Approval of Class

9  Action Settlement.

10

11       Dated: _____, 2014     _____

12                              HON. JOSEPH C. SPERO

OHSUSA:756978429.1

[PROPOSED] JUDGMENT
C13-2123 JCS