UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY BENADO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NIELSEN COMPANY (US), LLC, THE, et al.,<br><br>　　　　Defendants. | Case No. 13-cv-02123-JCS<br><br>**ORDER SETTING STATUS CONFERENCE REGARDING POTENTIAL DEFICIENCIES OF CLASS NOTICE** |

　　　　The Court has conducted a preliminary review of Plaintiff's submissions seeking final approval of the proposed settlement and an award of fees, and has identified the following potential issues.

　　　　First, the Northern District of California guidelines for class action settlements state that class notice should include "the address for a website, maintained by the claims administrator or class counsel, that has links to the notice, motions for approval and for attorneys' fees and any other important documents in the case."[1] Paragraph 23 of the proposed notice approved by the Court included a placeholder for a website where class members could access the proposed settlement agreement.[2] The reference to such a website appears to have been deleted from the actual notice mailed to class members, without leave of the Court to alter the approved notice. *See* Roe Decl. Ex. 1 (dkt. 65-1) at ECF p. 5, ¶ 23.

　　　　Second, the Court specifically instructed class counsel at the November 19, 2014 hearing that any motion for attorneys' fees must be filed no later than fourteen days before the deadline for objections. The Ninth Circuit has held that approving class attorneys' fees on a motion filed after

---

[1] Procedural Guidance for Class Action Settlements ¶ 3(2), http://www.cand.uscourts.gov/ClassActionSettlementGuidance.

[2] An incomplete version of the proposed notice was filed with the third motion for preliminary approval. *See* Hoffman Supp'l Decl. Ex. C (dkt. 53-3). The complete proposed notice was provided in hard copy to the Court at the February 13, 2015 hearing. *See* dkt. 55-1 ¶ 23.

the deadline for objections is reversible error—even where class members had prior notice that counsel class would seek fees, and even where they had been apprised of the total fees sought. *See generally In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988 (9th Cir. 2010). The Order Granting Preliminary Approval accordingly required Plaintiff to file his fees motion "no later than two weeks before the Objection/Exclusion Deadline." Prelim. Approval Order (dkt. 56) ¶ 10. The motion for attorneys' fees was nevertheless not filed until June 1, 2015, sixteen days *after* the May 16, 2015 deadline for objections. *See* Roe Decl. Ex. 1 at ECF p. 9, ¶ 18.

The parties are therefore ORDERED to appear in person at a status conference at 10:30 AM on June 8, 2015 in Courtroom G of the San Francisco federal courthouse to address these apparent deficiencies of class notice and to propose an appropriate remedy.

**IT IS SO ORDERED.**

Dated: June 2, 2015

_____
JOSEPH C. SPERO
Chief Magistrate Judge